**In re CITY OF PHILADELPHIA LITIGATION.**

**In re Alphonso LEAPHART.**

Civ. A. No. 87–2756.
Master File No. 85–2745.

United States District Court,
E.D. Pennsylvania.

Dec. 28, 1988.

See also, D.C., 123 F.R.D. 515, and, D.C., 123 F.R.D. 521.

Rosemarie Rhodes, Philadelphia, Pa., for plaintiff.

Carl Oxholm, III, Philadelphia, Pa., for defendant.

*OPINION*

LOUIS H. POLLAK, District Judge.

Defendants City of Philadelphia, W. Wilson Goode, Leo A. Brooks, and Gregore Sambor have moved to dismiss this action on several grounds: (1) plaintiff's alleged failure to accomplish service in accordance with Rule 4 of the Federal Rules of Civil Procedure; (2) plaintiff's alleged lack of capacity to sue; and (3) alleged expiration of the limitations period. Defendants also move to dismiss plaintiff's punitive damages claim against the City. On June 30, 1988, Magistrate William F. Hall, Jr. recommended that the defendants' motions be denied. Defendants filed objections to Magistrate Hall's Report on July 12, 1988. By leave of the court, defendants filed a supplemental memorandum on September 2, 1988 addressing the service issues raised by the City in this action and in other cases in this Master File. The court heard oral argument on the service issues on September 28, 1988 and subsequently received, on October 4, 1988, an additional memorandum from plaintiff urging this court to adopt Magistrate Hall's recommendations.

*Factual Summary*

Plaintiff, Alphonso Leaphart, filed suit in this action on May 11, 1987 as the representative of the estate of Vincent Leaphart (a/k/a/ John Africa). The suit alleges civil rights violations and wrongful death arising out of MOVE's confrontation with the Philadelphia police on May 13, 1985.

Plaintiff contends that on July 16, 1987 a complaint and summons were served on all defendants with the exception of defendants Brooks and Sambor. In support of this contention, plaintiff has submitted an affidavit by Grady W. Nash, a paralegal in the office of plaintiff's counsel. *See* Affidavit, attached as Exhibit "1" to Plaintiff's Brief. Nash represents that the City Solicitor's Office accepted service on behalf of the City, Mayor Goode, and the other individual defendants, but declined to accept service for Sambor and Brooks, because "they were no longer city employees and because they were not represented by the City." *Id.* at paragraph 4. Nash further claims that the acknowledgments of receipt of service were returned to Nash's office. Nash claims that he, in turn, filed the acknowledgments with the Clerk of Court. *Id.* at paragraph 5.

Defendants deny that plaintiff has properly served Mayor Goode or the City on the basis of the official docket, which has no record of plaintiff having filed acknowledgments with respect to either of these two defendants. Defendants further assert that plaintiff has not demonstrated "good cause" within the meaning of Rule 4(j) that would excuse plaintiff's failure to serve Brooks and Sambor.[1]

### Magistrate Hall's Report and Recommendation

Magistrate Hall found, on the basis of Nash's affidavit, that the City Solicitor's office had acknowledged receipt of service on behalf of Mayor Goode and the City. Thus, Magistrate Hall concluded that the plaintiff had shown "good cause" for believing service to have been accomplished with respect to those defendants. Magistrate Hall also concluded that defendants Brooks and Sambor had actual notice of the lawsuits against them and suffered no prejudice as a result of plaintiff's failure to serve them. Accordingly, he recommended

that their motion to dismiss on service grounds be denied as well.

In addition, Magistrate Hall recommended that the motion to dismiss for lack of capacity be denied on the ground that the Register of Wills had granted plaintiff Letters of Administration on April 13, 1987. The City has stated that it does not object to this recommendation.

As to the limitations challenge, Magistrate Hall rejected defendants' contention that personal injury claims against municipal officials are governed by the six-month limitations period set forth in 42 Pa.C.S.A. § 5522(b). He therefore recommended rejecting this ground for dismissal.

Finally, Magistrate Hall recommended that defendants' motion to dismiss all claims for punitive damages be denied pending further development of the record, at which time defendants could reinstate their motion.

### Defendants' Objections

Defendants focus their objections on Magistrate Hall's recommendations regarding the service issues. Relying on the official docket, defendants maintain that plaintiff has not complied with the formal service requirements of Rule 4. However, the defendants have not suggested that the Magistrate erred in finding plaintiff to have had "good cause" for believing that Mayor Goode and the City had been served. *See* Defendants' Objections at 3 ("To the extent that the Magistrate concluded that there was actual service of process (as opposed to a conclusion that there was a good faith basis for plaintiff's assumption that service had been accomplished), such a conclusion would be error."). The defendants have challenged the Magistrate's finding of "good cause" only with respect to Brooks and Sambor. Defendants maintain that plaintiff made "no real effort" to serve

---

1. Rule 4(j) of the Federal Rules of Civil Procedure provides:

   **Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

those defendants. Defendants' Objections at 4.

### Discussion

■ A plaintiff's failure to serve a party within 120 days of the filing of the complaint ordinarily requires dismissal of the action without prejudice. This result is mandated even if the applicable limitations period has run on plaintiff's claims. *See, e.g., Lovelace v. Acme Markets,* 820 F.2d 81 (3d Cir.1987). The "good cause" provision of Rule 4(j) protects plaintiffs who, having failed to comply with the technical requirements of the service rules, nonetheless have demonstrated that they had made diligent efforts to comply. *See, e.g., Green v. Humphrey Elevator and Truck Company,* 816 F.2d 877 (3d Cir.1987).

### Service Issues Relating to Mayor Goode and the City

Plaintiff in this case has offered uncontroverted evidence, in the form of Nash's affidavit, that the summons and complaint were accepted by the City Solicitor's Office on behalf of Mayor Goode and the City. Although defendants deny the effectiveness of such service in their brief, claiming that plaintiff had an obligation to file proof of service with the Clerk's office, they do not present any evidence, by affidavit or otherwise, tending to establish that service was not received or accepted by the City Solicitor's Office on behalf of these defendants. Plaintiff's representation that service was attempted and completed with respect to Mayor Goode and the City is strengthened by plaintiff's undisputed assertion that plaintiff served or attempted to serve all of the other City defendants in this case on the day it claims to have served the City and Mayor Goode, July 16, 1987. Thus, I credit plaintiff's claim that service was in fact accomplished.

My conclusion is not altered by defendants' assertion that plaintiff failed to file proof of service. Such failure does not invalidate otherwise effective service. Rule 4(g) ("Failure to make proof of service does not affect the validity of service."); *Davenport v. Saint Mary Hospital,* 633 F.Supp. 1228, 1240 (E.D.Pa.1986); C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1130 (1987).[2]

### Service Issues Relating to Sambor and Brooks

It is undisputed that plaintiff has not served defendants Sambor or Brooks. Plaintiff seeks to justify the nonservice of these defendants based on the City's refusal to accept service on their behalf. Plaintiff has not shown, however, that the City was under any obligation to accept service. Nor has plaintiff demonstrated that substantial efforts were made to serve Sambor and Brooks after the City's refusal to accept service for them. Unlike plaintiff's allegations regarding plaintiff's attempted service of Mayor Goode and the City, plaintiff's assertions regarding efforts to serve Sambor and Brooks are not corroborated by affidavit or other evidence.

■ Rule 4(j) requires a plaintiff whose initial efforts to complete service are unsuccessful to take whatever additional steps are necessary to ensure that service is completed within the required 120 days. *Lovelace v. Acme Markets, Inc.,* 820 F.2d 81, 84–85 (3d Cir.1987). In the absence of such efforts, a court may not find "good cause" under Rule 4(j). Neither actual notice of the action nor absence of prejudice to the defendant is alone sufficient to support a finding of "good cause" under the Rule; plaintiff must demonstrate diligence in attempting to complete service. *See, e.g., Stranahan Gear Company v. N.L. Industries, Inc.,* 800 F.2d 53, 56–57 (3d Cir.1987); *Davis–Wilson v. Hilton Hotels Corporation,* 106 F.R.D. 505, 508 (E.D.La. 1985); *Bryant v. Rohr Industries,* 116 F.R.D. 530, 533 (W.D.Wash.1987); *Koppel-*

---

**2.** Even if I were to find that service was defective with respect to Mayor Goode and the City, I am satisfied that plaintiff's efforts to complete service, as described in Nash's affidavit, satisfy the "good cause" provision of Rule 4(j). In so concluding, I am mindful that the "good cause" provision of Rule 4(j) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule. *See Braxton v. United States,* 817 F.2d 238 (3d Cir.1987).

·*man v. Schaller,* Civil Action 87–7912, slip op. at 9 (S.D.N.Y. September 15, 1988) [1988 WL 98781].

Accordingly, the motions of Sambor and Brooks to dismiss plaintiff's claims without prejudice will be granted.

*Limitations and Punitive Damages Issues*

Finally, I am satisfied that Magistrate Hall's recommendations regarding the other issues in defendants' motion should be adopted. The proper limitations period for § 1983 suits brought against state or municipal officials is two years, notwithstanding the six month residuary limitation period established in 42 Pa.C.S.A. § 5522(b). *Knoll v. Springfield Township School District,* 763 F.2d 584 (3d Cir.1985). Further, defendants' motion to dismiss plaintiff's state punitive damages claims against the City seems premature in light of the limited record before the court.[3] The defendants may reinstate this motion if further discovery so warrants.

Accordingly, the City's motion to dismiss on these grounds will be denied.

### ORDER

Upon consideration of the Report and Recommendation of William F. Hall, Jr., United States Magistrate, and the objections filed thereto, it is hereby ORDERED that:

1. defendants' Motion to Dismiss claims against Mayor Goode and the City of Philadelphia is DENIED;

2. defendants' Motion to Dismiss claims against Leo A. Brooks and Gregore Sambor is GRANTED;

3. defendants' Motion to Dismiss plaintiff's action based on plaintiff's alleged lack of capacity is DENIED;

4. defendants' Motion to Dismiss plaintiff's claims against city officials as barred by the expiration of the limitations period is DENIED; and

5. defendants' Motion to Dismiss plaintiffs' punitive damage claims is DENIED without prejudice.

---

**3.** Of course, plaintiff cannot recover punitive damages for his § 1983 claim. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1980); *Washco v. Darby Borough Police Department,* 688 F.Supp. 1026 (E.D.Pa.1988). But, as Magistrate Hall explained in a pending Report and Recommendation addressing punitive damages in another case in this master file, the availability of punitive damages against the City pursuant to state tort claims, in a circumstance in which the City has waived its immunity, remains uncertain. *See Michael Moses Ward v. City of Philadelphia,* Civil Action 87–2746, slip op. at 20 (May 13, 1988) (Report and Recommendation of Magistrate) (citing *City of Philadelphia v. Middleton,* 492 A.2d 763, 89 Pa.Commw. 362 (1985), *petition for allowance of appeal denied,* 751 E.D.Alloc., Dkt. (1985)). The City has not objected to the portion of Magistrate Hall's Report in *Ward* relating to punitive damages. Accordingly, it seems prudent to permit the parties to complete further discovery before deciding whether punitive damages may be sought against the City as an aspect of plaintiff's pendent state claims.