# In re CITY OF PHILADELPHIA LITIGATION.

## In re Laverne SIMS.

### Civ. A. No. 86–2832.
### Master File No. 85–2745.

United States District Court, E.D. Pennsylvania.

Dec. 28, 1988.

A. Remy Fransen, New Orleans, La., Peter L. Gallagher, Philadelphia, Pa., Michael A. Fenasci, New Orleans, La., for plaintiff.

Carl Oxholm, III, Philadelphia, Pa., for defendant.

## OPINION

LOUIS H. POLLAK, District Judge.

The principal defendant in this action, the City of Philadelphia, has moved to dismiss plaintiff's complaint on the ground that plaintiff Laverne Sims lacks capacity to sue as the representative of the Estate of Vincent Leaphart. Defendant also moves to dismiss this action based on plaintiff's alleged failure to accomplish service in accordance with Rule 4(j) of the Federal Rules of Civil Procedure. Magistrate William F. Hall, Jr., issued a Report on July 1, 1988, recommending that this court deny defendant's motion to dismiss under Rule 4(j). Magistrate Hall also recommended that this court deny without prejudice defendant's motion to dismiss for lack of capacity.

The City of Philadelphia filed objections to the Report on July 12, 1988. The City supplemented its objections in a joint memorandum dated August 9, 1988 (addressing service issues in this action and two other cases in this master file, *Hampton v. City of Philadelphia*, Civil Action 86–2833, and *Leak v. City of Philadelphia*, Civil Action 86–2834). By leave of this court, defendant further supplemented its objections in a consolidated memorandum filed on September 2, 1988.

### Factual Summary

Plaintiff Sims filed this action on May 13, 1986 as the representative of the estate of the late Vincent Leaphart (a/k/a/ John Africa). Alphonso Leaphart has also filed an action on behalf of Vincent Leaphart's estate (*Leaphart v. City of Philadelphia*, 123 F.R.D. 512 (E.D.Pa.1988)); and he—not plaintiff—has received certified Letters of Administration from the Register of Wills.

Plaintiff contends that the City's Chief Deputy Solicitor, Carl Oxholm, III, represented that he was authorized to accept service on behalf of the City and individual city defendants. This contention remains disputed. In a series of affidavits, various counsel of plaintiff affirm plaintiff's position, and further represent that Mr. Oxholm received a copy of plaintiff's amended complaint. *See* Affidavit of A. Remy Fransen, Jr. (attached as Exhibit "B" to Plaintiff's Memorandum in Opposition to the Motion to Dismiss). Although plaintiff's counsel maintain that Mr. Oxholm indicated that he was authorized to accept *service* on behalf of the City and city defendants, the affidavits suggest that plaintiff's counsel presented Mr. Oxholm only with copies of the *complaint;* the affidavits do not state that a summons was delivered to Mr. Oxholm (or any defendant) in this case.

### Discussion

For the reasons stated in a companion opinion, filed today, ruling on the City's motions to dismiss in *Hampton v. City of Philadelphia*, 123 F.R.D. 515 (E.D.Pa.1988) and *Leak v. City of Philadelphia*, 123 F.R.D. 515 (E.D.Pa.1988), the City's motion

to dismiss will be granted. Plaintiff's failure to serve a summons on any party or counsel in this litigation requires dismissal under Rule 4(j). *See Hampton,* at 518 (discussing Rule 4(j)'s requirement of the service of a summons). Moreover, plaintiff has not offered "good cause" within the meaning of Rule 4(j) for the failure to effect service. *See id.* at 518–20 (holding that a finding of "good cause" can be made only in cases in which a plaintiff has been meticulous in attempting to comply with Rule 4(j)'s service provisions).

The claims against nonmoving defendants will be dismissed as well, on motion of the court. *See id.* at 518 n. 2 (stating that a court may consider, *sua sponte,* whether claims should be dismissed for lack of service).