**Daniel Francis EGGINK, et al., Plaintiffs,**

v.

**The CITY OF NEW YORK HUMAN RESOURCES ADMINISTRATION, et al., Defendants.**

**No. 87 Civ. 4786 (JMW).**

United States District Court, S.D. New York.

May 31, 1989.

Jeffrey E. Jacobson, Jacobson & Colfin, New York City, for plaintiffs.

David L. Lock, Asst. Corp. Counsel, New York City, for defendants.

MEMORANDUM AND ORDER

WALKER, District Judge:

By Memorandum and Order dated March 29, 1989, this Court granted defendants' motion for summary judgment in part. Because the parties had not briefed the question of the liability or immunity of certain individual defendants, the Court directed the parties to stipulate to an expedited briefing schedule to address those issues. By letter dated April 19, 1989, defendants notified the Court that plaintiffs had failed to serve those individual defendants with a summons and complaint. Under Fed.R. Civ.P. 4(j), a party must serve a summons and complaint to each named defendant within 120 days from the filing of the complaint. More than 120 days have passed since the Amended Complaint was filed in

---

this action. By letter dated April 20, 1989, plaintiffs admitted this failure.

This Court of course cannot adjudicate a claim against a defendant unless it has jurisdiction over the person of that defendant. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S.Ct. 1562, 1569, 23 L.Ed.2d 129 (1969). Pursuant to Rule 4(j), the Court must dismiss this action unless plaintiffs show "good cause" for their failure. Since plaintiffs' letter of April 20 did not set forth any reasonable cause for their failure, and because the Court is aware that plaintiffs in this action originally appeared *pro se,* the Court requested that plaintiffs' counsel submit an additional letter. That letter was to set forth (1) when this action was commenced; (2) when the 120 day period to serve the individual defendants expired; (3) when plaintiffs retained counsel; and (4) what basis, if any, plaintiffs now offer as "good cause" for their failure.

By letter dated April 27, 1989, plaintiffs' counsel offered this response:

[This] action was commenced on June 7, 1987 by the Pro Se plaintiffs. I was retained ... on December 2, 1987.

The 120 day period in which all parties were required to be served ... expired on November 4, 1987.

The plaintiffs served the Amended Complaint on November 23, 1987. The 120 day period in which all parties were required to be served the Amended Complaint expired on March 23, 1988.

In other words, as of December 2, 1987—more than three months before the second 120 day period was due to expire—plaintiffs were no longer appearing *pro se,* but instead had retained the services of a member of the New York Bar. Yet they still did not properly commence this action against the remaining individual defendants. Indeed, they apparently have not done so to this day.

Plaintiffs' counsel asserts that

an extension of the 120 period [presumably, a 14 month extension] would not prejudice the individual defendants. In addition, there is the question of whether the 120 day period was stayed after the

motion for summary judgment was filed. Lastly, all defendants had actual knowledge of the suit.

Plaintiffs' Letter of April 27, 1989. As a preliminary matter, plaintiffs have cited no authority—and the Court is aware of none—for the proposition that the filing of their motion "stayed" their period to serve the individual defendants. Counsel's remaining assertions not only are disputed but are also irrelevant. The relevant standard under Rule 4(j) is not whether defendants do or do not have "actual knowledge" of a suit in which they are named. The standard is whether plaintiffs have shown "good cause" for their failure. Despite having been given ample opportunity, plaintiffs have failed to offer *any* cause, let alone "good cause," for their failure—months after having retained counsel—to serve the remaining defendants.

Accordingly, and pursuant to Fed.R.Civ. P. 4(j), the remainder of this action is dismissed without prejudice.

SO ORDERED.