**Marvina Lee LOVE, Plaintiff,**

**v.**

**Mike HAYDEN, Governor of the State of Kansas, et al., Defendants.**

**Civ. A. No. 89–2028–0.**

United States District Court, D. Kansas.

Feb. 11, 1991.

Benjamin C. Wood, Parker, Bigus & Gerstle, P.A., Overland Park, Kan., for plaintiff.

Timothy G. Madden, David D. Plinsky, Asst. Attys. Gen., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the motions of defendants Hayden, Endell, Werholz, Mills, Carter, Callison, McClain, Thompson, Martin (the named defendants) and the Kansas Department of Corrections to dismiss and/or for summary judgment. Plaintiff, an inmate under the custody of the Kansas Department of Corrections, filed this action against the Governor of Kansas, the Kansas Department of Corrections and various state officials alleging deprivations of her civil rights pursuant to 42 U.S.C. § 1983 and numerous pendant state law claims. For the following reasons, the court grants defendants' motions.

In plaintiff's original complaint, twelve defendants were identified in the caption by their job titles as follows: Mike Hayden, Governor of Kansas; Roger Endell, Secretary of Corrections; Roger Werholtz, Deputy Secretary of Corrections for the Northeast Region of the State of Kansas; Richard Mills, former Secretary of Corrections; Barbara J. Carter, Director of the Kansas Correctional Institution at Lansing; John Callison, Deputy Director of the Kansas Correctional Institution at Lansing; Ian Flugler, former Medical Director, Kansas Correctional Institution at Lansing; Rebecca Crowley, M.D., former physician, Kansas Correctional Institution at Lansing; William McClain, Correction Officer, Kansas Correctional Institution at Lansing; Louise Horne, former nurse Kansas Correctional Institution at Lansing; George Thompson, Director, Vocational Training Center, Topeka, Kansas; Richard Martin, Deputy Director, Correctional Vocational Training Center, Topeka, Kansas. The complaint did not indicate whether these

defendants were sued in their official or individual capacities.[1]

After the named defendants answered solely in their official capacities, the magistrate granted plaintiff leave to amend her complaint to add a claim against each defendant in his or her individual capacity. Subsequently, plaintiff's counsel mailed a copy of the amended complaint to the office of the Kansas Attorney General, but did not effect new service upon the individual defendants.

*Motion to Dismiss*

The named defendants move for dismissal pursuant to Rule 12(b)(2), (4) and (5) of the Federal Rules of Civil Procedure on the grounds that plaintiff did not serve them properly as individuals with the First Amended Complaint under Rule 4(d) of the Federal Rule of Civil Procedure.[2] Defendants argue further that although the Kansas Attorney General was authorized to accept service on their behalf for claims filed against them in their official capacities, such authorization did not extend to acceptance of service for claims against them in their individual capacities.

■ We agree that, under the facts and circumstances presented here, the court has no personal jurisdiction over these defendants in their individual capacities. A similar result was reached by the Ninth Circuit in *Jackson v. Hayakawa*, 682 F.2d 1344 (9th Cir.1982). In that case, the plaintiff's original complaint named the defendants in their official capacities only. Subsequently, as in the case at bar, the plaintiff was allowed to amend the complaint to add claims against certain defendants in their individual capacities, but failed to ef-

fect new service upon them. In holding that personal jurisdiction was lacking over defendant Hayakawa in his personal capacity, the court stated:

> Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction.... Neither actual notice nor simply naming the person in the caption of the complaint will subject defendant to personal jurisdiction if service was not made in substantial compliance with Rule 4.
>
> . . . . .
>
> The third amended complaint and the fourth amended complaint state in their captions that individual defendants were sued both in their official and personal capacities. These papers, however, were filed long after service had been made. *New service would be necessary in order to satisfy the due process requirement of notice if there was to be a change in the status of defendants.*

682 F.2d at 1347–48. (Emphasis added; citations omitted.)

■ We reject plaintiff's argument that service upon the Kansas Attorney General constituted effective service upon the defendants in their individual capacities pursuant to Rule 5(b) of the Federal Rules of Civil Procedure.[3] The general rule is that the burden of proving valid service is upon the party on whose behalf service is made. *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134 (5th Cir.1980), *cert. denied*, 451 U.S. 1008, 101 S.Ct. 2345, 68 L.Ed.2d 861 (1981); C. Wright & A. Miller, *Federal Practice and Procedure* § 1353 (1969). Here, plaintiff has com-

---

**1.** Defendants Crowley, Flugler and Horne have all been dismissed from this action by prior order of the court.

**2.** Fed.R.Civ.P. 4(d) provides in pertinent part:
(d) The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

**3.** Rule 5(b) provides in pertinent part:
Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court.

pletely failed to show that the Office of the Attorney General was authorized to accept service of process in individual-capacity suits, *see* C. Wright and A. Miller, *Federal Practice and Procedure* § 1101 (1987).[4]

 Finally, the court cannot agree with plaintiff's position that the original complaint afforded defendants notice that they were being sued in their individual capacities. Generally, where the plaintiff fails to expressly designate the nature of the suit in the complaint and identifies the defendants solely according to their job titles, the court must presume that the officials have been sued in their official capacities. *Croft v. Harder*, 730 F.Supp. 342, 249 (D.Kan.1989), *citing Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir.1985), *cert. denied*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986); *Kolar v. County of Sangamon*, 756 F.2d 564, 568 (7th Cir. 1985). *See also Holly v. City of Naperville*, 571 F.Supp. 668, 673 (N.D.Ill.1983) (where a complaint alleges conduct of a public official, acting under color of state law, giving rise to liability under Section 1983, the court will assume the official was sued in an official capacity and only in that capacity).

Therefore, because plaintiff has failed to serve these defendants properly pursuant to Rule 4(b) of the Federal Rule of Civil Procedure, the court grants the motion to dismiss plaintiff's claims against them in their individual capacities as asserted in the first amended complaint.

*Motion for Summary Judgment*

The named defendants in their official capacities and the Kansas Department of Corrections move for summary judgment on the ground that suit against them is barred by the Eleventh Amendment and the Supreme Court's decision in *Will v. Michigan Department of State Police*, 491

U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

 With respect to the Kansas Department of Corrections, it is clearly a state entity. The Eleventh Amendment to the Constitution bars suit in federal court against the State of Kansas or one of its agencies or departments. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984). Moreover, the Supreme Court has recently held that neither a state nor state agencies are "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Accordingly, summary judgment will be entered in favor of the Kansas Department of Corrections.

 With respect to the official capacity claims against the named defendants, a suit against a state official in his official capacity is not a suit against the official, but rather is a suit against the official's office, and accordingly is no different than a suit against the state itself. *Will*, 109 S.Ct. at 2311; *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Additionally, state officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. *Will*, 109 S.Ct. at 2312. The court therefore grants summary judgment in favor of the named defendants.[5]

 Finally, plaintiff's state law claims arise under the court's pendent jurisdiction. There is no diversity of citizenship in this case. Since the court has granted defendants' motion to dismiss and for summary judgment on plaintiff's only federal claim, no federal question remains as a basis for jurisdiction. The court declines to exercise pendent jurisdiction over the remaining state-law claims. *United Mine Workers v.*

---

4. In fact, plaintiff's own statement in her motion for leave to amend, that defendants "in their answers did not admit that they had been sued in their individual capacities," contradicts her position here, that defendants (1) authorized the Kansas Attorney General to represent them in their individual capacities or (2) waived notice of an individual-capacity suit.

5. Because of the court's ruling on defendants' motion to dismiss and for summary judgment, plaintiff's motion for default judgment based on defendants' failure to answer the first amended complaint is denied.

*Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

IT IS THEREFORE ORDERED that defendants' motion to dismiss and for summary judgment (Doc. # 66) is granted.

IT IS FURTHER ORDERED that plaintiff's state law claims are dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment (Doc. # 71) is denied.