Ronald DESPAIN, Plaintiff–Appellant,

and

Jamilyn Mellen, Plaintiff,

v.

SALT LAKE AREA METRO GANG UNIT;
Bureau of Alcohol, Tobacco and Fire-
arms; · Robert Swehla, Defendants–Ap-
pellees.

No. 93–4051.

United States Court of Appeals,
Tenth Circuit.

Jan. 10, 1994.

Kent L. Fillmore, Salt Lake City, UT, for plaintiff-appellant.

Frank W. Hunger, Asst. Atty. Gen., Rich D. Parry, U.S. Atty., Salt Lake City, UT, Barbara L. Herwig and Patricia A. Millett, Attys., Appellate Staff, Civil Div., Dept. of Justice, Washington, DC, for defendants-appellees.

Before MOORE and BRORBY, Circuit Judges, and VRATIL,* District Judge.

BRORBY, Circuit Judge.

Plaintiffs appeal the order of the district court dismissing their claims for lack of timely service of process. Because plaintiffs did not serve the summons and complaint within the 120–day period provided for in Fed. R.Civ.P. 4(j), and because no good cause has been shown for this failure, we affirm.[1]

Plaintiffs originally sued unknown local law enforcement personnel and unknown agents of the Bureau of Alcohol, Tobacco and Firearms (ATF) in both their individual and official capacities, alleging that an ATF search of their apartment and subsequent brief detention violated their constitutional rights. Plaintiffs also brought state tort claims against all defendants. The original complaint was filed in district court on January 30, 1992, making May 29, 1992, the last date for timely service. The original complaint, however, was apparently never served on any defendant despite notice to plaintiffs' counsel well within the 120–day period of the names and addresses of all federal defendants.

The record on appeal is sparse with regard to any evidence of proper service in this case. The district court's docket sheet reveals only that plaintiffs' interrogatories were served to "codefendants, Unknown Agents of the Bureau of Alcohol, Tobacco and Firearms" during February 1992. Appellant's App., No. 8, p. 2. Defendant Robert Swehla was personally served on June 17, 1992, and plaintiffs' second set of interrogatories were served on codefendants, the ATF agents, John Does 1–12, and agent Swehla on that same date. *Id.* From the district court opinion, based on information gleaned from the various pleadings, the following contentions emerge with regard to service: plaintiffs alleged service of (1) a summons, amended complaint, and interrogatories upon the ATF, local police officers, and the United States Attorney on February 20, 1992; (2) a summons and amended complaint upon the United States Attorney and the Treasury Department on March 23, 1992, by certified mail; (3) a first set of interrogatories upon the United States Attorney General on March 25, 1992, by registered mail; and (4) "notice of the pending suit" upon the individual ATF agents by first class mail on June 5, 1992. D.Ct.Mem.Dec. at 4.

Defendants alleged in the district court that (1) an amended complaint and set of interrogatories were sent to the ATF and the United States Attorney General on March 25, 1992, by registered mail; (2) an amended complaint and interrogatories were sent to federal agents residing outside of Utah on June 5, 1992, by first class mail; and (3) personal service was effected on June 17, 1992, on Agent Swehla. *Id.* at 4–5. The district court found that none of these service efforts resulted in effective service on the individual federal defendants. We review for abuse of discretion. *Cox v. Sandia Corp.,* 941 F.2d 1124, 1125 (10th Cir.1991).[2]

---

* Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The court further found it lacked subject matter jurisdiction and dismissed the claims against the United States. This ruling is not before us.

■ On appeal, plaintiffs argue that the timely service on the Bureau of Alcohol, Tobacco and Firearms pursuant to Rule 4(d)(5) was sufficient service on the individual agents. This is incorrect. When a plaintiff proceeds against an agent of the government in his or her individual capacity, the plaintiff must effect personal service on that agent in compliance with Rule 4(d)(1). *Micklus v. Carlson,* 632 F.2d 227, 240 (3d Cir.1980); *see also Love v. Hayden,* 757 F.Supp. 1209, 1211 (D.Kan.1991); 4A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1107 at 163 (1987) (Wright & Miller). Service on ATF, therefore, did not constitute service on ATF agents as individuals.

■ Alternatively, plaintiffs contend that service on the individual defendants was accomplished pursuant to Rule 4(c)(2)(C)(ii). Rule 4(c)(2)(C)(ii) provides that service on the class of defendants here may be accomplished

by mailing a copy of the summons and of the complaint (by first-class mail, postage pre-paid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

Copies of the summons and complaint were mailed to the defendants residing outside of Utah on June 5, 1992.[3]

We note the split of authority in the courts regarding whether Rule 4(c)(2)(C)(ii) permits service by mail on persons residing outside of

the state in which the district court is located when the relevant state law would not recognize such service. *Compare Datskow v. Teledyne, Inc.,* 899 F.2d 1298, 1302 (2d Cir.) (limits of Rule 4(f) circumscribe mail service provision of Rule 4(c)), *cert. denied,* 498 U.S. 854, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990), *with Humana, Inc. v. Avram A. Jacobson, M.D., P.A.,* 804 F.2d 1390, 1393 (5th Cir. 1986) ("The rule permits plaintiffs to serve defendants in person or under state law or in accordance with the federal mail service procedure set forth in the rule. Its language is clear: the plaintiff has the option to elect any of these procedures."). We need not weigh in on this debate, however, because, even if Rule 4(c)(2)(C)(ii) can be relied on for service on nonresident defendants where state law, as here, would require personal service, plaintiffs did not comply with Rule 4(j) in that they failed to effect the mail service within the prescribed 120–day period. The district court, therefore, was required to dismiss the action under Rule 4(j).[4]

■ Finally, plaintiffs argue that even if service was not made properly in this case, certain equitable concerns dictate reversal. We take this argument to be an attempt to demonstrate good cause sufficient under Rule 4(j) to excuse the failure to serve.[5] "[T]he 'good cause' provision of Rule 4(j) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *In re City of Philadelphia Litig.,* 123 F.R.D. 512, 514 n. 2 (E.D.Pa.1988). Plaintiffs have demonstrated no such effort here.

Plaintiffs contend that service should be excused because defendants had actual notice of the lawsuit. There is no evidence in the record, however, that service on the ATF

---

**3.** Agent Swehla, a Utah resident, was personally served on June 17, 1992.

**4.** Rule 4(j) provides in pertinent part:
 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

**5.** To the extent that plaintiffs urge this court to adopt the four-factor test set out in *Jordan v. United States,* 694 F.2d 833, 836 (D.C.Cir.1982), and *Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir.1984), we note that the *Jordan* test has been applied only to review of the dismissal of a suit against the United States where service has not strictly complied with Rules 4(d)(4) and (5). *See Jones v. Frank,* 973 F.2d 872, 873 (10th Cir.1992) (finding it unnecessary to decide whether to adopt the *Jordan* test). Service on the United States is not an issue in this case.

eventually resulted in actual notice to the individual defendants before the expiration of the 120–day period. Even if such notice had occurred, however, actual notice is not equivalent to a showing of good cause for purposes of Rule 4(f). *Id.* "The relevant standard under Rule 4(j) is not whether defendants do or do not have 'actual knowledge' of a suit in which they are named. The standard is whether plaintiffs have shown 'good cause' for their failure." *Eggink v. City of New York Human Resources Admin.,* 126 F.R.D. 32, 33 (S.D.N.Y.1989); *see also Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305–06 (5th Cir.1985).

■■■ Plaintiffs' contention that a one-week delay in service was not prejudicial to defendants similarly fails. The absence of prejudice to the defendants, by itself, does not equate to good cause on the part of the plaintiffs. *In re City of Philadelphia,* 123 F.R.D. at 514. Nor is counsel's misinterpretation of Rule 4(d)(5) good cause for failure to serve process. *Winters,* 776 F.2d at 1306 (mistake of counsel or ignorance of the rules insufficient to show good cause). Plaintiffs finally argue that they would suffer severe prejudice if not allowed to proceed with their lawsuit. The fact that the statute of limitations has run, however, does not demonstrate good cause and does not make dismissal under Rule 4(j) inappropriate. *See id.* at 1307.

■■■ As a last point, plaintiffs contend that their request to supplement service was improperly denied. The district court has extensive discretion in this area. Wright & Miller, § 1131 at 353. In a case like this where service was never accomplished, in contrast to having been merely defective in form, the court did not abuse its discretion in refusing to allow plaintiffs a second chance to effect service. *See Wood & Locker, Inc., v. Doran & Assocs.,* 708 F.Supp. 684, 691–92 (W.D.Pa.1989).

The judgment of the United States District Court for the District of Utah is AFFIRMED.