Carl M. SLATER, Plaintiff,

v.

The CINCINNATI INSURANCE COMPANY, et al., Defendants.

No. 95–2421–KHV.

United States District Court, D. Kansas.

Feb. 27, 1996.

Kevin E.J. Regan, Bruce C. Jackson, Jr., Jason M. Pottenger, Yonke, Arnold, Newbold & Regan, P.C., Kansas City, MO, and Andrew Lloyd Mandel, Davidson, Schlueter, Mandel & Mandel, St. Louis, MO, for plaintiff.

John E. Franke, and Ryan E. Karaim, Franke & Schultz, P.C., Kansas City, MO, for the Cincinnati Insurance Company.

Elton S. Davis, Kansas City, MO, pro se.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

The Court now has before it *Plaintiff's Response To Court's Order Regarding Service*, (Doc. # 31) filed February 5, 1996. For the reasons stated herein, plaintiff's request to serve process on defendant Eldon Davis outside the 120 day limit prescribed by Rule 4(m) of the Federal Rules of Civil Procedure is denied.

The Court entered an order on January 25 requiring plaintiff to file an affidavit describing its efforts to locate and serve process on defendant Davis. Plaintiff's response includes an affidavit of plaintiff's counsel and plaintiff's billing records, both of which purport to show counsel's diligence in locating defendant Davis.

The Tenth Circuit has set forth a two-step guideline for courts to follow in determining whether to extend the time for service under Rule 4(m). *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995). Courts should first ask whether plaintiff has shown good cause for failing to timely effect service. If so, plaintiff is entitled to a mandatory extension of time. If not, the court, at its discretion, may still extend the time for service if appropriate. *Id.*

According to *Espinoza*, courts are to look to case law in determining whether a plaintiff has offered "good cause" for failing to timely serve defendant. *Id.* The Tenth Circuit has at times suggested factors that do not constitute good cause under Rule 4(m) or its predecessor, former Rule 4(j). For example, prejudice to a plaintiff from the running of a statue of limitations does not constitute good cause, nor does an absence of prejudice to a defendant. *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir.1994). Likewise, the failure of a process server to perform does not constitute good cause, because it is the responsibility of counsel to monitor the process server to ensure that defendant is properly served. *Cox v. Sandia Corp.*, 941 F.2d 1124 (10th Cir.1991) (citing *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir.1987)). *Cox* did suggest, however, upon a review of the legislative history behind former Rule 4(j), that defendant's evasion of service might constitute good cause.

In the instant case, plaintiff has not presented the Court with any evidence that good cause requires the extension of the time of service. Nor does plaintiff suggest that defendant Davis was hiding in Kansas City, Missouri, where he was ultimately found. To the contrary, plaintiff seems to argue that its best efforts, and those of the process server, should be sufficient. As *Cox* holds, however, plaintiff's counsel is ultimately responsible for the service of process, and the efforts of the process server are largely irrelevant.

The Court also declines to exercise its discretion to extend the time for service. Plaintiff will suffer no prejudice if untimely service is not allowed. First, the Court notes that defendant Davis is in bankruptcy and a claim against him cannot proceed except in bankruptcy court. Second, The Cincinnati Insurance Company is a proper defendant and has already been timely served. Moreover, the Court notes that counsel's affidavit

and plaintiff's billing record do not disclose any attempts to locate defendant Davis between October 25, 1995, and January 12, 1996, a gap of nearly three months. Thus, the Court is not convinced that plaintiff diligently tried to locate defendant Davis. The failure to find him within 120 days, therefore, was a result of plaintiff's inaction.

**IT IS SO ORDERED.**