**Julie Kay HUNSINGER, Plaintiff,**

v.

**GATEWAY MANAGEMENT ASSOCIATES, Defendant.**

No. 95–CV–4199–SAC.

United States District Court, D. Kansas.

Sept. 27, 1996.

Michael F. Broemmel, Broemmel Law Office, Topeka, KS, for Plaintiff.

William C. Martucci, Spencer, Fane, Britt & Browne, Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

On December 8, 1995, Julie Kay Hunsinger filed a complaint against Gateway Management Associates (GMA). Hunsinger's complaint alleges Title VII violations as well as violations of the Kansas Act Against Discrimination. Hunsinger's complaint indicates that she received her "Notice of Right to Sue" letter from the EEOC on September 9, 1995.

On May 10, 1996, GMA filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and (5) for lack of personal jurisdiction and insufficient service of process. In its motion, GMA acknowledges that Hunsinger attempted to effect service by requesting the law firm of Orrick, Herrington & Sutcliffe, a firm that had performed legal services for GMA in the past, to execute a waiver of service of summons. However, GMA contends that Orrick, Herrington & Sutcliffe was not authorized to accept service of process in this action and that the firm did not waive service of a summons by Hunsinger. GMA contends that because more than 120 days have elapsed since Hunsinger commenced this ac-

tion, the court should exercise its discretion under Fed.R.Civ.P. 4(m). Affidavits in support of GMA's factual allegations are attached to GMA's memorandum in support of its motion.

Hunsinger responds, essentially arguing that she has made a good faith effort to effect service on GMA. Hunsinger's counsel indicates that he notified the law firm of Orrick, Herrington & Sutcliffe which had previously represented GMA "in mediation scheduled and commenced between the parties to this action. There was no reason to believe that the firm would not be representing the Defendant in this suit or that they were not authorized to accept or waive Service of Summons." Counsel for Hunsinger also indicates that he was informed by Joe Cohen of that firm that they were considering the request for waiver of summons and would be responding soon. Plaintiff's counsel, in good faith, relied upon Mr. Cohen's assurances. It was not until April 1996 that Mr. Cohen informed Plaintiff's counsel that Defendant would not waive service. Hunsinger notes that since that time, he and defendant's local counsel have engaged in communications, held a telephone planning meeting and are currently preparing an order pursuant to the scheduling conference. Hunsinger also indicates that "[s]ervice on the Defendant is in process and imminent."

In its reply brief, GMA categorically denies several of Hunsinger's counsel's allegations. GMA denies that service of process has occurred. "Faced with these inexorable and damning facts, Plaintiff has resorted to making unfounded legal assumptions and factual misrepresentations in a desperate effort to avoid the consequences of her blatant disregard for proper service procedure in federal court litigation." Attached to GMA's reply brief is an affidavit from Joseph Cohen in which he denies, *inter alia*, making any representations to Hunsinger's counsel that he or his law firm would waive service of process on behalf of GMA.

On June 14, 1996, the court received a letter from Hunsinger's counsel requesting a telephone conference to discuss GMA's mo-

tion.[1] In that same letter, counsel indicates that "service has now indeed been appropriately made upon the Defendant herein."

## Fed.R.Civ.P. 4

 "Personal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit. (citations omitted). Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Oklahoma Radio Associates v. F.D.I.C.,* 969 F.2d 940, 943 (10th Cir.1992).

 In 1993, Fed.R.Civ.P. 4 was amended in several respects. Rule 4(j) was amended and recodified and is now found at 4(m). Rule 4(m) provides in pertinent part:

Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

Although Rule 4(m) retains much of the same language of former Rule 4(j), "the 1993 amendments substantially changed the scope of discretion to be exercised by district courts under this rule." *Espinoza v. United States,* 52 F.3d 838, 840 (10th Cir.1995).

Specifically, former Rule 4(j) allowed the district court to extend the time for service of the summons and complaint only upon a showing of "good cause." *See* Fed.R.Civ.P. 4(j) (1987); *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1437 (10th Cir.1994); *Jones [v. Frank ],* 973 F.2d [872] at 873 [ (10th Cir.1992) ]. The district court was otherwise directed to dismiss the case. *See* Fed.R.Civ.P. 4(j) (1987). The plain language of Rule 4(m), however, broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause. Under Rule 4(m), when a plaintiff fails to serve a defendant within the 120–day period, the district court "shall dismiss the action without prejudice or direct that service be effected within a specified time." Fed.R.Civ.P. 4(m) (emphasis added). We agree with the Third Circuit that the Rule's further directive that "if the plaintiff shows good cause for the failure, the court shall extend the time for service," *id.* (emphasis added), serves merely as an exception to the general provision by delineating a situation in which an extension of time is mandatory. *See Petrucelli,* [*v. Bohringer and Ratzinger* ], 46 F.3d [1298] at 1305–06 [ (3rd Cir. 1995) ].

The Advisory Committee note to Rule 4(m) supports this interpretation:

The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

Fed.R.Civ.P. 4(m) advisory committee's note (1993) (emphasis added). Consequently, under the new rule, a plaintiff who has failed to show "good cause" for a mandatory extension of time may still be granted a permissible extension of time within the district court's discretion.

52 F.3d at 840–41.

## Proper Procedure Under Rule 4(m)

In *Espinoza,* the Tenth Circuit held that district courts should proceed under 4(m) in the following manner:

The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inqui-

---

1. Counsel's request for oral argument is denied based upon the court's conclusion that oral argu-

ment would not assist the court in deciding GMA's motion.

ry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

52 F.3d at 841.

■ Although Rule 4(m) does not define good cause, the Tenth Circuit "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *In Re Kirkland,* 86 F.3d 172, 174 (10th Cir.1996). Similarly, "[m]istake of counsel or ignorance of the rules also usually do not suffice." *Id.* at 176.

### Analysis

■ At best, counsel have seriously misinterpreted their respective conversations with counsel who ostensibly represented the opposing party. At worst, an attorney has made false misrepresentations to the court. Finding it unlikely that counsel would intentionally mislead the court, the court will attribute this conflict of recollections to a misunderstanding between counsel. Assuming, *arguendo,* that such a misunderstanding does not qualify as "good cause" and thereby entitle the plaintiff to a mandatory extension of time, in the exercise of its discretion, under the permissive section of Rule 4(m) the court extends the time the plaintiff may serve the defendant to the date of this order. According to Hunsinger's counsel's June 14, 1996, letter, service of process has been effected on the defendant and therefore no further of extensions of time to perfect service are necessary.

IT IS THEREFORE ORDERED that the defendant's "Motion to Dismiss" (Dk. 3) is denied.