**Morris R. PERKINS, III, Plaintiff,**

v.

**CITY OF WICHITA, KANSAS, and its representatives, Defendants.**

CIV. A. No. 97–4181–DES.

United States District Court,
D. Kansas.

March 10, 1998.

J. Patrick Walters, Wichita, KS, for Plaintiff.

Kelly J. Rundell, Gary E. Rebenstorf, City of Wichita Law Department, Wichita, KS, for Defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's Motion for Judgment by Default (Doc. 4), defendant City of Wichita's motion to dismiss for lack of effective service (Doc. 2), and defendant City of Wichita's motion to dismiss for failure to obtain service (Doc. 8).

Plaintiff mailed a summons along with a copy of the complaint to the chief executive officer of the City of Wichita on December 5, 1997. Plaintiff moved for default judgment on December 31, 1997, under the misapprehension that "as of December 30, 1997, Defendant, City of Wichita, has failed to file an answer to plaintiff's complaint." In fact, defendant entered a special appearance on December 29, 1997, for the limited purpose of moving to dismiss pursuant to Fed.R.Civ.P. 12(b) for insufficiency of service of process. Defendant's motion to dismiss was properly filed in place of an answer pursuant to Fed.

R.Civ.P. 12(a), and is a proper defense pleading under Fed.R.Civ.P. 55. Plaintiff's motion for judgment by default will therefore be denied.

■ Defendant argues that plaintiff's complaint must be dismissed because no valid process was served pursuant to Fed.R.Civ.P. 4(j) within the 120–day time limit for service. See Fed.R.Civ.P. 4(m). Service upon a municipal corporation may be effected by delivering a copy of the summons and complaint to the chief executive officer or by serving the summons and complaint in the manner prescribed by the law of the state of Kansas. Fed.R.Civ.P. 4(j)(2). Kan. Stat. Ann. § 60–304(d) provides for service on a city by serving the clerk or the mayor. It further provides that "service by certified mail shall be addressed to the appropriate official at the official's governmental office." However, while Kan. Stat. Ann. § 60–304(d) clearly permits service by certified mail, such service must be effected in accordance with the methods described in Kan. Stat. Ann. § 60–303.

Kan. Stat. Ann. § 60–303 provides, with some exceptions not applicable here, that "the sheriff of the county wherein the action is filed shall serve any process by certified mail, evidenced by return receipt signed by any person or by restricted delivery." As defendant points out, plaintiff did not follow this procedure. Instead, certified mail was sent by plaintiff's counsel, rather than by "the sheriff of the county wherein the action is filed." Since the action was filed on September 24, 1997, it would thus appear that plaintiff has failed to effect valid service within the 120 day time limit of Fed.R.Civ.P. 4(m). Nevertheless, the court is not convinced that dismissal is warranted.

■ Fed.R.Civ.P. 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed. R.Civ.P. 4, Advisory Committee Notes, 1993 Amendments. See Espinoza v. United States, 52 F.3d 838, 840–41 (10th Cir.1995) ("The plain language of Rule 4(m), however, broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good

cause."); *Hunsinger v. Gateway Management Associates,* 169 F.R.D. 152, 154 (D.Kan. 1996) (extending time for service in exercise of the court's discretion). In light of plaintiff's attempts to effect timely service, the court finds it appropriate to extend the time for service an additional thirty days from the date this order is entered. This extension will afford plaintiff an opportunity to cure any deficiencies in service with minimal additional cost and effort.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Judgment by Default (Doc. 4) is denied. Defendant's motion to dismiss for lack of effective service (Doc. 2) and defendant's motion to dismiss for failure to obtain service (Doc. 8) are also denied.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty days from the date of this order to properly serve the defendant.