**Russell B. TAFOYA and Lydia Tafoya, Petitioners,**

v.

**U.S. DEPARTMENT OF JUSTICE, LAW ENFORCEMENT ASSISTANCE ADMINISTRATION, Respondent.**

No. 82–2407.

United States Court of Appeals, Tenth Circuit.

Nov. 20, 1984.

**1390**

Timothy Quinn, of Quinn, Mihalik & Wing, Aurora, Colo., for petitioners.

John S. Koppel, Atty., Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C. (J. Paul McGrath, Asst. Atty. Gen., and Robert S. Greenspan, Atty., Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., with him on brief), (David I. Tevelin, Atty., Office of General Counsel, Office of Justice Assistance, Research and Statistics, Dept. of Justice, Washington, D.C., of counsel), for respondent.

Before SETH, BARRETT and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

Russell B. Tafoya and Lydia Tafoya (Petitioners), as parents of Officer David Tafoya of the Denver Police Department, Denver, Colorado, seek review before this Court of the denial by the Law Enforcement Assistance Administration (LEAA) of the United States Department of Justice of their claim for survivors' death benefits under the Public Safety Officers' Benefits Act (PSOBA), 42 U.S.C. §§ 3796–3796c (1976). The government, through LEAA, contends that this Court lacks subject matter jurisdiction to review the LEAA's denial of benefits. We agree. Thus, we shall direct that the case be transferred to the United States Claims Court.

Petitioners' son, Officer Tafoya, was shot and killed by bullets fired from his own police weapon during the early morning hours of February 10, 1980, when he was in full uniform but employed at an off-duty job at a bar in Denver. Prior to the shooting, Officer Tafoya had been drinking heavily. At about 4:10 a.m., police were called to the general location after witnesses heard the shots but did not observe the shooting. A car was observed leaving the area. Petitioners filed a death benefit claim under PSOBA, and the matter was heard before a hearing officer of the LEAA. The hearing officer denied the benefits, both on the ground that Officer Tafoya was not in the "line of duty" and because his voluntary intoxication had proximately caused his death. The award of benefits was thereby precluded under 42 U.S.C. § 3796a(2) (1976) and 28 C.F.R. § 32.2(d) and 32.9 (1984). The denial was thereafter reviewed by the Acting Administrator of LEAA who upheld the hearing officer's findings/determinations. Petitioners then sought judicial review of the LEAA's denial of their claim in this Court. We will not discuss the contentions advanced on the merits because this Court shall make no determination thereof.

 Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties. *Treinies v. Sunshine Min. Co.*, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939); *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir.1982); *Mendoza v. K-Mart, Inc.*, 587 F.2d 1052 (10th Cir.1978). Federal courts of appeal are not courts of general jurisdiction. They possess only that jurisdiction which has been conferred upon them by Congress. *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 565 (10th Cir.1979); *United States v. Padilla*, 589 F.2d 481 (10th Cir.1978); 7 *Moore's Federal Practice*, Par. 110.01 (2d Ed.1980). Where jurisdiction is lacking, the judgment is void. *Mitchell v. Maurer*, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338 (1934); *Citizens Concerned for Separation of Church and State v. City and County of Denver*, 628 F.2d 1289 (10th Cir.1980), *cert. denied*, 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981).

The Omnibus Crime Control and Safe Streets Act of 1968 (Omnibus Act) (42 U.S.C. §§ 3701–3796c (1976)) provided for federal funding *only* to "states and units

of general local government." 42 U.S.C. §§ 3721, 3731 (1976). The general judicial review provision of the original Omnibus Act, as amended, remains virtually unchanged since its passage in 1968. It is this provision, 42 U.S.C. § 3785(a) (Supp. V 1981), which Petitioners rely upon for review by this Court in this PSOBA case.

42 U.S.C. § 3785(a) (Supp. V. 1981) reads in pertinent part:

(a) If any *applicant* or *recipient* is dissatisfied with a final action with respect to [42 U.S.C. §§ 3783, 3784, or 3789d(c)(2)(G)], such *applicant* or *recipient* may, within sixty days after notice of such action, file with the United States court of appeals for the circuit in which such *applicant* or *recipient* is located, or in the United States Court of Appeals for the District of Columbia, a petition for review of the action .... (Emphasis supplied.)

We must keep in mind that under the above-quoted statute, an "applicant" or "recipient" referred to those entities entitled to LEAA funds under the original Omnibus Act. They were, as previously noted, only "states and units of general local government."

PSOBA was enacted as an amendment to the Omnibus Act in 1976. Pub.L. No. 94–430, 90 Stat. 1346 (1976). § 3796 of the PSOBA provides for the payment of a benefit of $50,000 to various surviving dependent relatives of a public safety officer who the LEAA determines died as a direct and proximate result of a personal injury sustained in the line of duty. 42 U.S.C. § 3796 (1976). 28 C.F.R. § 32.20 (1984) identifies these individuals as "claimants" who must initiate claims via written statement or form to be filed with LEAA. We have heretofore observed that under the original Omnibus Act, eligibility for LEAA funds was limited to "states and units of general local government." Thus, under the general judicial review provisions of 42 U.S.C. § 3785(a), which remain unchanged, an "applicant" or "grantee" dissatisfied with LEAA's final action with respect to its application or plan could seek review in the United States Court of Appeals in the cir-

cuit in which the "applicant" or "grantee" is located. In the context of the original judicial review provision, it seems clear that the "applicant" or "grantee" could only be "states and units of local governments," and *not individuals*. Critical here is the fact that the PSOBA *did not* contain any provision for judicial review when it was enacted in 1976 and its legislative history does not discuss the subject.

■ We agree with the decisions rendered in *Wydra v. Law Enforcement Assistance Admin.*, 722 F.2d 834 (D.C.Cir. 1983), *Elaine Russell v. Law Enforcement Assistance Admin.*, 637 F.2d 354 (5th Cir. 1981), and *Lankford v. Law Enforcement Assistance Admin.*, 620 F.2d 35 (4th Cir. 1980), that the United States Courts of Appeals are without subject matter jurisdiction to review administrative denial of benefits to a claimant under PSOBA. We adopt the rationale of these opinions, and specifically adopt the following language from *Lankford, supra*. (In the following quotation the terms "the Act" and "the Benefits Act" refer to the PSOBA. Also, § 3759(a), as it appears in this passage, is now codified at § 3785(a). See footnote 1, *infra*.)

The legislative history is silent as to whether § 3759(a) was intended to provide for review of administrative denials under the Act. Resort to the statutory language itself, however, makes it amply clear to us that Congress did not intend that.

Section 3759(a) provides that an "applicant or grantee" dissatisfied with the administrative decision regarding "its application or plan submitted under this chapter" may seek review. The terminology is the same as that used in the Omnibus Crime Control and Safe Streets Act, which speaks in terms of "applicants" or "grantees" who submit "applications" or "plans" for programs seeking to improve the administration of criminal justice and law enforcement.

■ In contrast, the Benefits Act directs the payment of a monetary "benefit" to "claimants." We presume that this clear use of different terminology

within a body of legislation is evidence of an intentional differentiation. *See United States v. Wong Kim Bo,* 472 F.2d 720, 722 (5th Cir.1972). Accordingly, we conclude that the provision for judicial review contained in § 3759(a) is inapplicable to the Benefits Act. Thus, while § 3759(a) is chapterwide in scope, it provides only for review of denials of "applications" or "plans" submitted by "applicants" or "grantees." The Act involves none of these.

Further, it is clear that the provision that a section is to have chapterwide application does not automatically render it applicable to the Act. Section 3751, part of the same subchapter as § 3759, gives the LEAA general rulemaking power. It also purports to apply chapterwide. Nonetheless, § 3796c, part of the Act, grants the agency such rulemaking power "as may be necessary to carry out the purposes of this subchapter." Thus, while the Act amends the Omnibus Crime Control and Safe Streets Act, Congress apparently considered it a separate provision, to which administrative provisions of the earlier legislation did not necessarily apply. The fact that Congress neglected to provide specifically for review in this court, coupled with the difference in terminology employed, leads us to the conclusion that this court is without jurisdiction. (Footnote omitted.)

620 F.2d at 36.

The *Wydra, Elaine Russell,* and *Lankford* opinions cited above observed that their views were bolstered by the 1979 amendments to the Omnibus Act which deleted reference to the chapterwide scope of review previously contained in the judicial review provision.[1] The judicial review provision, as amended in 1979, now specifies those sections of the Omnibus Act from which judicial review of the United States Court of Appeals for the circuit in which "such applicant or recipient" is located may be taken. Significantly, these specified sections do not include any part of the PSOBA.

We recognize that the Ninth Circuit has rejected the view we here adopt. *See Donna Sue Russell v. Law Enforcement Assistance Admin.,* 637 F.2d 1255 (9th Cir. 1980). In the *Donna Sue Russell* case, the Ninth Circuit rejected the proposition that Congress, by use of different terminology between the Omnibus Act and PSOBA, intended the two statutes to be treated differently. The court was not swayed by the weight given to the difference between reference to "applicants" for "grants" in the Omnibus Act and "claimants" for "benefits" under PSOBA. The court attributed the use of these different terms to mere carelessness on the part of Congress since the legislative history did not reveal intention to "[a]ttach discrete meanings." 637 F.2d at 1260. We disagree. It is our view that when Congress uses words in a statute without defining them, and those words have a judicially settled meaning, it is presumed that Congress intended them to have that meaning in the statute. *Hardy Salt Company v. Southern Pacific Trans. Co.,* 501 F.2d 1156, 1168 (10th Cir.1974), *cert. denied,* 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974). This same rationale was well expressed in *Wydra:*

> [T]he petitioner's reading of "grant application" also conflicts with the consistent use, both in PSOBA and in the LEAA regulations passed pursuant to the PSOBA, of the terms "benefit" rather than "grant," "claimant" or "recipient," and "claim" rather than "application." Both the *Lankford* and *Elaine Russell* decisions emphasized the same discrepancy between the terms in the PSOBA on which jurisdiction was purportedly based, invoking the common sense principle of statutory construction that "clear use of different terminology within a body of legislation is evidence of an intentional differentiation." *Lankford,* 620 F.2d at 36; *accord, Elaine Russell,* 637 F.2d at 356. (Footnotes omitted.)

*Wydra, supra,* 722 F.2d at 838–39.

Finally, the Ninth Circuit reasoned that § 3758(a), read in conjunction with § 3759,

---

**1.** This judicial review provision was originally codified at 42 U.S.C. § 3759(a), and was recodified at 42 U.S.C. § 3785(a) by the 1979 amend-

ments. Pub.L. No. 96–157, 93 Stat. 1167, 1203 (1979).

authorizes review in the courts of appeal independent of subsections 3758(b) and (c): The court recognized, however, that the language is susceptible to two interpretations.

 The Claims Court has heretofore exercised jurisdiction "[u]pon a number of occasions to review PSOBA denials." *Wydra, supra,* at 837; *Russell, supra* at 356. We direct that this case be transferred to the United States Claims Court for review "in the interest of justice" rather than dismissing the petition for review.[2] *See Keller v. Merit Systems Protection Board,* 679 F.2d 220, 223 (11th Cir.1982). The case is transferred to the United States Claims Court pursuant to 28 U.S.C. § 1631.

---

**2.** 28 U.S.C. § 1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title [28 U.S.C. § 610] or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed or noticed for the court to which it is transferred on the date upon which it was actually filed or noticed for the court from which it is transferred.