169 F.3d 1196
 99 Cal. Daily Op. Serv. 1686, 1999 Daily
Journal D.A.R. 2167
Laureen M. DAVIS; Zachary A. Davis, her minor son, Petitioners,
v.
UNITED STATES of America; Director, Bureau of Justice
Assistance; United States Department of Justice,
Office of Justice Programs, Respondents.
 No. 97-71255.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 4, 1999.
Decided March 5, 1999.
 
 Richard C. Tallman, Bogle & Gates, Seattle, Washington, for the petitioners.
 Daniel Kaplan and Kathleen Moriarty Mueller (argued), United States Department of Justice, Washington, D.C., for the respondents.
 Petition for Review of a Final Action of the Bureau of Justice Assistance, United States Department of Justice. PSOB No. 95-214.
 Before: RYMER and KLEINFELD, Circuit Judges, and GONZALEZ,* District Judge.
 RYMER, Circuit Judge:
 
 
 1
 Laureen M. Davis and Zachary A. Davis, a minor, petition for review of the decision of the Bureau of Justice Assistance, United States Department of Justice (Bureau) denying their claim for benefits under the Public Safety Officers' Benefits Act (PSOBA), 42 U.S.C. §§ 3796-3796c. A question has arisen about jurisdiction, which we must consider at the outset.
 
 
 2
 The PSOBA does not explicitly confer jurisdiction on the federal appellate courts. However, we previously held in Russell v. Law Enforcement Assistance Admin., 637 F.2d 1255 (9th Cir.1980), that the denial of an application for PSOBA benefits is subject to judicial review in this court. Our decision was premised on the assumption that judicial review was otherwise unavailable, and that the presumption against preclusion of review of agency action should be applied to construe the statute in favor of jurisdiction. Since Russell was decided, it has become clear that the Court of Federal Claims has jurisdiction to review decisions under the PSOBA and that the circuit courts of appeals may transfer a petition for review to that court. This undermines our holding in Russell. Having looked afresh at the issue, we do not believe that Russell is any longer controlling. Accordingly, we now join other circuits in concluding that the courts of appeals lack jurisdiction to review decisions under the PSOBA but that the Court of Federal Claims does have jurisdiction. Therefore, we transfer this case to the United States Court of Federal Claims for further proceedings.
 
 
 3
 * Officer Kenneth L. Davis was ordered to leave work early on May 11, 1995 to make up for uncompensated overtime he had previously worked. On the way home, Davis was killed when his car was broadsided at an intersection by a suspect who was speeding to evade a pursuing police officer. His widow and child filed a claim for PSOBA benefits with the Bureau.[1] The claim was initially denied by the Director of the Public Safety Officers' Benefits Program, and that decision was affirmed August 14, 1997, by a hearing officer after an evidentiary hearing, on the ground that Davis's death was not the proximate result of action in the "line of duty" as required by the statute.[2] The Davises timely filed a petition in this court for review of the denial of benefits.[3]
 
 II
 
 4
 The Bureau contends that we should reconsider Russell because its pivotal assumption--that judicial review would not otherwise be available unless this court exercised jurisdiction--is no longer valid in light of the Federal Courts Improvement Act of 1982, Pub.L. No. 97-164, 96 Stat. 25-58 (codified in scattered sections of 28 U.S.C.), which makes it clear that we may transfer review of the denial of benefits to the Court of Federal Claims, which does have jurisdiction. The Davises do not disagree that the Court of Federal Claims has jurisdiction or that our ability to transfer became clear after Russell, but they nevertheless submit that Russell remains good law and we should follow it.
 
 
 5
 In Russell, as here, the widow of a police officer was denied benefits under the PSOBA and sought review in this court.[4] Russell argued that jurisdiction was conferred by the judicial review provision of the statute, 42 U.S.C. § 3785(a),[5] while the government maintained that § 3785(a) applies only to applications by state and local law enforcement agencies for grants and does not apply to claims for benefits. We found the statute itself ambiguous, and the legislative history inconclusive, but concluded that § 3785(a), read in conjunction with § 3784,[6] authorized review in this court. We reasoned that § 3784 precludes judicial review except as specifically provided, and "were we to find that a denial of an application for Benefits Act payments was nonreviewable under section [3785], it could not be reviewed at all." Russell, 637 F.2d at 1259. This, we noted, would be disfavored because " 'judicial review of a final agency action by an aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress.' " Id. at 1259 (quoting Morris v. Gressette, 432 U.S. 491, 501, 97 S.Ct. 2411, 53 L.Ed.2d 506 (1977), quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 140, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)). Accordingly, we construed the ambiguity in favor of judicial review.
 
 
 6
 While we did not actually address alternative avenues of jurisdiction in Russell, by 1983 when the D.C. Circuit considered the same question in Wydra v. Law Enforcement Assistance Admin., 722 F.2d 834 (D.C.Cir.1983), Judge Wald could write for that court:There can no longer be any doubt that the Claims Court, as it is now called, has jurisdiction to review decisions under the PSOBA. 28 U.S.C. § 1491 provides that "[t]he United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded upon ... any Act of Congress." Appellate courts, the former Court of Claims and the new Claims Court have recognized the application of this language to claims for benefits under the PSOBA. Indeed, the LEAA has taken the position before this court that jurisdiction lies in the Claims Court. In our examination of the language and legislative history of the relevant statutory sections, therefore, we need not focus upon whether there is a clear expression of congressional intent to preclude review. This was the premise of the Ninth Circuit in examining the language and legislative history of the statutory scheme. Donna Sue Russell, 637 F.2d at 1259. We must determine simply whether the statute is most reasonably construed as conferring jurisdiction on this court to review claims under the PSOBA.
 
 
 7
 Id. at 837 (internal citations omitted; footnote included in text).[7] Wydra also noted that the Federal Courts Improvement Act of 1982 repealed 28 U.S.C. § 1406(c), which had provided for transfer only between district courts and the Court of Claims, and replaced it with "a broad provision for transfer between any two federal courts." Id. at 836 n. 8; see also 28 U.S.C. § 1631.[8]
 
 
 8
 Thus, the rationale upon which Russell proceeded to construe the PSOBA so as not to preclude judicial review no longer exists. While a three-judge panel cannot overturn circuit precedent, "a panel can reexamine the earlier decision of a three-judge panel if that earlier decision has been undermined by later overriding precedent," Palmer v. Sanderson, 9 F.3d 1433, 1437 n. 5 (9th Cir.1993) (internal quotations and citations omitted), including amendments to a statute. See Landreth v. CIR, 859 F.2d 643, 648 (9th Cir.1988). As it is evident to us, and to our colleagues on other circuits, see, e.g., Tafoya v. U.S. Dep't of Justice, Law Enforcement Assistance Admin., 748 F.2d 1389, 1393 (10th Cir.1984); Wydra, 722 F.2d at 836-37, that it is unnecessary in these circumstances to invoke the presumption against precluding judicial review, we conclude that Russell has been undermined and warrants reexamination.
 
 
 9
 Unencumbered by the presumption against precluding judicial review, we embrace the unanimous view that the statute is properly construed as not granting jurisdiction to the circuit courts of appeals to review denials of claims under the PSOBA. As more fully explained by Judge Wald in Wydra, Congress could have expressly provided for review in the appellate courts, but did not. See 722 F.2d at 839-40. In addition, the statutory provisions authorizing appellate court review are not sensibly read to apply to PSOBA petitions. The terminology in those sections has to do with grant applications and recipients, as well as discrimination in funding--not with claimants, beneficiaries and benefits. Compare 42 U.S.C. §§ 3784-3785 with 42 U.S.C. §§ 3796-3796c. By the same token, the appellate review provisions are in a subchapter of the Justice System Improvement Act entitled "Administrative Provisions," which follows subchapters concerning the administration of grants to state and local governments. See 42 U.S.C. §§ 3784-3785. The PSOBA, by contrast, is contained in a separate subchapter that has its own "Administrative Provisions" section, which does not afford judicial review in the circuit courts of appeals. See 42 U.S.C. § 3796c. Finally, every other court to consider the issue has concluded that Congress did not intend §§ 3784-3785 to confer jurisdiction on the courts of appeals to hear petitions for review of denials of benefits claims under the PSOBA. See, e.g., Tafoya, 748 F.2d at 1391; Wydra, 722 F.2d at 839-40; Russell v. Law Enforcement Assistance Admin., 637 F.2d 354, 357 (5th Cir. Unit A Feb.1981); Lankford v. Law Enforcement Assistance Admin., 620 F.2d 35, 37 (4th Cir.1980); see also Durco v. United States, 14 Cl.Ct. 424, 426 (1988) (noting that the Third Circuit had transferred the case to the Court of Claims because the court of appeals lacked jurisdiction).
 
 III
 
 10
 For these reasons, we hold that Russell no longer controls. This court lacks jurisdiction to review Bureau decisions under the PSOBA. However, the Court of Federal Claims has jurisdiction to review the decision.
 
 
 11
 The Davises urge that we nevertheless retain Russell at least long enough to determine their case, pointing out that it has now been pending for quite some time. While we are sympathetic to their concern, we cannot accommodate it because we lack jurisdiction. We are confident the Court of Federal Claims will recognize that the matter is fully briefed and ready to be heard, and will calendar it for disposition as quickly as possible for once there, "[t]he action or appeal then proceeds in that court as if it had been filed on the same date on which it was actually filed in the transferring court." Wydra, 722 F.2d at 840. Transfer to the Court of Federal Claims is therefore "in the interest of justice." See 28 U.S.C. § 1631. Accordingly, we hereby transfer this case to that court pursuant to 28 U.S.C. § 1631.
 
 
 12
 TRANSFERRED TO UNITED STATES COURT OF FEDERAL CLAIMS.
 
 
 
 *
 The Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation
 
 
 [1]
 42 U.S.C. § 3796(a) (1995) provides for the payment of death benefits when the Bureau "determines, under regulations issued pursuant to this subchapter, that a public safety officer has died as the direct and proximate result of a personal injury sustained in the line of duty."
 
 
 [2]
 The regulations, 28 C.F.R. § 32.2(c)(1) (1998), define "line of duty" as:
 Any action which an officer whose primary function is crime control or reduction, enforcement of the criminal law, or suppression of fires is obligated or authorized by rule, regulations, condition of employment or service, or law to perform, including those social, ceremonial, or athletic functions to which the officer is assigned, or for which the officer is compensated, by the public agency he serves.
 
 
 [3]
 The Bureau argues that the Davises failed to exhaust their administrative remedies because they did not ask the Director to review the hearing officer's determination, which claimants may do under the regulations. See 28 C.F.R. § 32.24(g) (1998). We do not address this issue in light of our conclusion that we lack jurisdiction in the first place
 
 
 [4]
 Russell was decided under the terms of the PSOBA before it was revised in 1979. The pertinent sections were reorganized and changed somewhat, but not substantively. Thus, § 3759(a) of the old statute (discussed in Russell ) became § 3785(a), and § 3758 (also discussed in Russell ) is now § 3784. These changes have no effect on Russell 's analysis. We refer to the provisions of the revised Act for ease of reference. Also, the Law Enforcement Assistance Administration (LEAA) had responsibility for administering the Act when Russell was decided, but these duties were assumed by the Bureau in 1984. See Pub.L. No. 98-473, § 609B(b), 99 Stat. 1837, 2088-2106 (1984)
 
 
 [5]
 Section 3785(a) provides:
 If any applicant or recipient is dissatisfied with a final action with respect to section 3783 [notice and hearing on denial or termination of grant], 3784, or 3789d(c)(2)(G) [prohibiting discrimination] of this title, such applicant or recipient may, within sixty days after notice of such action, file with the United States court of appeals for the circuit in which such applicant or recipient is located ... a petition for review of the action.
 
 
 [6]
 Section 3784 provides:
 In carrying out the functions vested by this chapter in the Bureau ... [its] determinations, findings, and conclusions shall, after reasonable notice and opportunity for a hearing, be final and conclusive upon all applications, except as otherwise provided herein.
 
 
 [7]
 The current version of 28 U.S.C. § 1491 (1995) provides in pertinent part:
 (a)(1) The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.
 
 
 [8]
 28 U.S.C. § 1631 (1995) provides:
 Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.