**Ruben GRIMALDO, Plaintiff,**

v.

**Janet RENO, Attorney General, United States of America, in her individual capacity; Joseph Greene, District Director, United States Immigration and Naturalization Service, Denver, Colorado, in his individual capacity; Louise Sampson, Acting District Director, United States Immigration and Naturalization Service,**

---

Denver, Colorado, in her individual capacity; and Unnamed Deportation/Removal Officers, United States Immigration and Naturalization Service, Denver, Colorado, in their individual capacities., Defendants.

No. Civ.A. 98–B–1216.

United States District Court,
D. Colorado.

Aug. 9, 1999.

Jim Salvator, Lafayette, CO, for plaintiff.

Ernesto H. Molina, Jr., Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for defendants.

Michael E. Hegarty, Denver, CO, Assistant United States Attorney.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendants move pursuant to Rules 12(b)(5) and 12(b)(6) to dismiss plaintiff's complaint. Plaintiff moves to amend his complaint to convert it into a class action, and to add two claims for relief. Plaintiff opposes the former, and Defendants the latter. The motions are adequately briefed. For the reasons set forth below, I deny Defendants' Rule 12(b)(5) motion, grant Defendants' Rule 12(b)(6) motion only with respect to Defendant Janet Reno, grant Plaintiff's motion to amend in part, and deny it in part. Jurisdiction exists under 28 U.S.C. § 1331.

## I.

I derive the following facts from the Complaint, and Defendants' Motion to Dismiss. Plaintiff was a lawful permanent resident of the United States. In 1997, Plaintiff was convicted of an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43), and sentenced to fourteen months in the Colorado Department of Corrections (CDOC). Upon his release from CDOC, Plaintiff was detained by the United States Immigration and Naturalization Services (INS) "without ... notice of [the] charges against him [from March 11, 1998] until May 12, 1998," *Complaint* at 4, allegedly in violation of INS regulations. Plaintiff filed this action on June 1, 1998 seeking, *inter alia,* a declaration that Defendants violated Plaintiff's Due Process and Equal Protection rights, various injunctive relief, and "nominal, actual and consequential, [and] ... punitive damages." *Complaint* at 7–8. On June 26, 1998, an Immigration Judge ordered Plaintiff removed. Plaintiff was removed on June 30, 1998.

## II.

### A.

In support of their motions, Defendants presented materials outside the pleadings. Because I have not considered those materials, I do not treat Defendants' Rule 12(b)(6) motion as one for summary judgment. *See Lowe v. Town of Fairland, Okla.,* 143 F.3d 1378, 1381 (1998) ("[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings.").

Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted); accord *Meade v. Grubbs,* 841 F.2d 1512, 1526 (10th Cir.1988). In reviewing the sufficiency of the complaint, a court must presume that the plaintiff's factual allegations are true and construe them in a light

most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by *Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); accord *Meade,* 841 F.2d at 1526.

■ Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not contain detailed facts, but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99. A plaintiff is not required to state precisely each element of the claim. 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 154–159 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). A court may not assume that a plaintiff can prove facts that it has not alleged, or that the defendant has violated laws in ways that plaintiff has not alleged. *Associated General California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

## B.

■ In ruling on a motion to amend a complaint, a district court must initially determine whether a request to amend "rise[s] to the level of a motion for leave to amend." *Calderon v. Kansas Department of Social and Rehabilitation Services,* 181 F.3d 1180, 1187 (10th Cir.1999). Once it is determined that such a motion exists, the decision whether to grant leave to amend lies within the sound discretion of the trial court. *Long v. United States,* 972 F.2d 1174, 1183 (10th Cir.1992). Courts typically consider several factors in determining whether to allow amendment: "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim

and failed." *Las Vegas Ice and Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1184 (10th Cir.1990). However, "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993). Finally, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distribs., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir.1984).

## III.

### A.

Defendants first argue the Complaint must be dismissed pursuant to Rule 12(b)(5) because they were not properly served under Rule 4(e). *See Brief In Support Of Defendants' Motion To Dismiss, And For Summary Judgment* at 4–5 *(Defendants' Motion To Dismiss ).* Specifically, Defendants claim copies of the summons and complaint were neither "personally" served upon them, nor left at their "dwelling place[s] or usual places of abode." *Id.* Plaintiff responds that Rule 4(i)(2) applies, and that service was sufficient because copies of the summons and complaint were sent by certified mail to both the United States Attorney for the District of Colorado, and the defendants. *See Response To Defendants' Motion To Dismiss, Or For Summary Judgment* at 1–2 *(Plaintiff's Response ).* I agree.

Rule 4(i)(2) applies to service upon officers of the United States. Defendants are such officers. Rule 4(i)(2) thus governs service of process in this case. Because Defendants do not argue Plaintiff did not comply with the requirements of Rule 4(i)(2), I find that service was sufficient in this case. Accordingly, I deny Defendants' Rule 12(b)(5) motion to dismiss.

### B.

■ Defendants next contend that Plaintiff's complaint must be dismissed under Rule 12(b)(6) because Defendants were not personally aware of, or involved with, the

events that serve as the basis for Plaintiff's claims. *See Defendants' Motion To Dismiss* at 5–7. Plaintiff agrees that Defendant Reno should be dismissed, but counters that the Complaint makes out a "failure to train" claim against the remaining defendants under *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), and *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). *See Plaintiff's Response* at 2, 3–7. I agree.

In order to state a claim under *City of Canton*, Plaintiff must show: (1) the INS officers violated a constitutional requirement; (2) the violation arose under circumstances that constitute a usual and recurring situation that INS officers must address; (3) the inadequate training demonstrates deliberate indifference on the part of Defendants toward persons with whom the INS officers come into contact; and (4) there is a direct causal link between the constitutional deprivation and the inadequate training. *See Allen v. Muskogee*, 119 F.3d 837, 841–842 (10th Cir.1997). In order to establish the second and third requirements, a plaintiff need not show a pattern of constitutional violations to establish that Defendants were on notice their training is inadequate. Rather, evidence of a single violation of federal rights, accompanied by a showing that Defendants failed to train their employees to handle recurring situations presenting an obvious potential for such a violation, is sufficient to trigger liability. See *Board of County Comm'rs v. Brown*, 520 U.S. 397, 409–10, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Canton*, 489 U.S. at 390 n. 10, 109 S.Ct. 1197.

Here, Plaintiff alleges Defendants violated his Due Process rights by not "serving him with charges and notice of bond" from March 11, 1998 to June 12, 1998. *Complaint* at 4. Plaintiff also claims that Defendants were deliberately indifferent to his rights. *Id.* Although Plaintiff does not explicitly plead that the violation arose under circumstances that constitute a usual and recurring situation that INS officers must address, or that there is a direct causal link between the constitutional deprivation and the inadequate training, both elements are easily inferred from the allegations. The Complaint thus gives Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99. Consequently, I grant Defendants' motion to dismiss only with respect to Defendant Janet Reno.

### IV.

Plaintiff seeks to amend his Complaint to convert it into a class action. *See Motion To Amend Complaint.* In addition, Plaintiff proposes to add the following forms of relief: (1) "[i]njunctive relief … commanding Defendants to serve all persons in their custody with warrants, bond determinations, and/or process within 24 hours of incarceration pursuant to applicable regulations"; and (2) "[i]njunctive relief … commanding defendants to rescind the prior administrative removal order of … Ruben Grimaldo, and, if defendants so choose, to recommence removal proceedings against him with timely notice." *Amended Complaint* at 14.

I initially find that Plaintiff's request "rise[s] to the level of a motion to amend." *Calderon,* at 1187. Indeed, it is titled "Motion To Amend Complaint," and sets out the additional facts that establish the basis for the amendment. *See Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1130 (10th Cir.1994) (holding that plaintiffs who show facts in addition to those pled in the complaint that indicate the existence of a claim should, in the absence of other countervailing considerations, be permitted to amend). Moreover, Plaintiff could not have known the facts upon which the proposed amendment is based at the time he filed the Complaint because the new named plaintiffs had not been detained by the INS at that time. The proposed amendment also does not unduly prejudice Defendants as significant time has not passed since the events occurred that underlie the claims of the new named plaintiffs, and Plaintiff does not seek to add any new legal arguments. Plaintiff's motion thus does not raise the traditional concerns that militate against permitting amendment. *See Las Vegas Ice and Cold Storage Co.,* 893 F.2d at 1184.

Defendants claim that the Amended Complaint is barred by 8 U.S.C. § 1252(f)(1).

*See Opposition To Motion To Amend Complaint, And Renewal Of Motion To Dismiss, And For Summary Judgment* at 1. I disagree. Section 1252(f)(1) states in relevant part:

Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

*Id.* at § 1252(f)(1). The Supreme Court has interpreted § 1252(f)(1) to "prohibit[ ] federal courts from granting classwide injunctive relief *against the operation of §§ 1221–1231.*" *Reno v. American–Arab Anti–Discrimination Committee,* 525 U.S. 471, ——, 119 S.Ct. 936, 942, 142 L.Ed.2d 940 (1999) (emphasis added).

Here, Plaintiff does not seek to enjoin the operation of §§ 1221–1231. Rather, they seek to enjoin alleged constitutional violations by the INS in its administration of § 1226 and/or its own regulations. *See Catholic Social Services, Inc. v. INS,* 182 F.3d 1053 (9th Cir.1999) (noting that § 1252(f)(1) prohibits class-wide injunctive relief *barring* detention and deportation); *Tefel v. Reno,* 972 F.Supp. 608, 618 (S.D.Fla.1997) (holding that a class action seeking the implementation of a provision within part IV under the appropriate standard does not violate § 1252(f)(1)). Section 1252(f)(1) does not bar Plaintiff's amendment.

Part of the Amended Complaint does conflict, however, with § 1252(a)(2)(C). Even though Defendants do not raise this argument in their briefs, I have the power to address this court's subject-matter jurisdiction *sua sponte. See Tafoya v. United States Department of Justice,* 748 F.2d 1389, 1390 (10th Cir.1984) ("[i]nsofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte,* satisfy itself of its power to adjudicate in every case and at every stage of the proceedings."). Section 1252(a)(2)(C) states in relevant part: "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii)." Plaintiff was removed pursuant to § 1227(a)(2)(A)(iii). *See Defendants' Motion To Dismiss* at 2. Section 1252(a)(2)(C) denies me the power to order "[i]njunctive relief ... commanding defendants to rescind the[ir] prior administrative removal order." *Amended Complaint* at 14. *See Mbiya v. INS,* 930 F.Supp. 609, 612 (N.D.Ga.1996) (the term "final order of [removal] includes 'all matters on which the validity of the final order is contingent, rather than only those determinations actually made at the hearing.' As is apparent, constitutional challenges to orders of [removal] are encompassed within this definition.") (quoting *INS v. Chadha,* 462 U.S. 919, 938, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983)).

Plaintiff's request to set aside his removal order is also barred by § 1252(a)(1) which states in relevant part: "Judicial review of a final order of removal ... is governed only by chapter 158 of Title 28, except as provided in subsection (b) of this section." Both chapter 158 of Title 28, and § 1252(b) provide jurisdiction only to the courts of appeal to review removal orders. *See* 8 U.S.C. § 1252(b)(2); 28 U.S.C. § 2342. *See also Jorge v. Hart,* 1997 WL 531309, *2 (S.D.N.Y.) (noting that the predecessor to § 1252(a)(1), which included substantially the same language as § 1252(a)(1), effectively added final removal orders to the list of administrative decisions subject to the review procedures in chapter 158 of Title 28). Consequently, under §§ 1252(a)(1), 1252(a)(2)(C) I have no jurisdiction to review Plaintiff's final removal order. I therefore grant Plaintiff's motion to amend, but deny the motion insofar as it seeks "[i]njunctive relief ... commanding defendants to rescind the[ir] prior administrative removal order."

Accordingly, I ORDER that:

(1) Defendants' Rule 12(b)(5) motion to dismiss is DENIED;

(2) Defendants' Rule 12(b)(6) motion to dismiss is GRANTED with respect to Defendant Janet Reno;

(3) Defendants' Rule 12(b)(6) motion to dismiss is DENIED with respect to all other defendants;

(4) Plaintiff's claims against Defendant Janet Reno are DISMISSED WITH PREJUDICE; and

(5) Plaintiff's motion to amend is DENIED insofar as it seeks "[i]njunctive relief ... commanding defendants to rescind the[ir] prior administrative removal order," and is otherwise GRANTED.