Ruben **GRIMALDO,** Plaintiff,

v.

Janet **RENO,** Attorney General, United States of America, in her individual capacity; Joseph Greene, District Director, United States Immigration and Naturalization Service, Denver, Colorado, in his individual capacity; Louise Sampson, Acting District Director, United States Immigration and Naturalization Service, Denver, Colorado, in her individual capacity; and Unnamed Deportation/Removal Officers, United States Immigration and Naturalization Service, Denver, Colorado, in their individual capacities, Defendants.

No. Civ.A. 98–B–1216.

United States District Court,
D. Colorado.

Nov. 24, 1999.

Jim Salvator, Lafayette, CO, for plaintiff.

Michael E. Hegarty, U.S. Attorney's Office, Denver, CO, Ernesto H. Molina, Jr.,

**618**

U.S. Department of Justice, Office of Immigration Litigation, Civil Division, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendants move for reconsideration of my August 9, 1999 Memorandum Opinion and Order denying their Rule 12(b)(5) motion, and granting in part and denying in part their Rule 12(b)(6) motion. *See Grimaldo v. Reno,* 187 F.R.D. 643 (D.Colo.1999). For the reasons set forth below, I deny Defendants' motion.

### I.

I derive the following facts from the Complaint, and Defendants' Motion to Dismiss. Plaintiff was formerly in the custody of the Immigration and Naturalization Services at Wackenhut Correctional Corporation. He was held without "any bond determination, service of a warrant, or service of process." Plaintiff was removed from the United States on June 30, 1998. On June 1, 1998, Plaintiff filed a complaint alleging Fifth Amendment violations.

Defendants moved pursuant to Rules 12(b)(5) and 12(b)(6) to dismiss Plaintiff's complaint on September 23, 1998. On August 9, 1999, I denied Defendants' Rule 12(b)(5) motion and granted in part and denied in part Defendants' Rule 12(b)(6) motion. On August 27, 1999, Defendants moved for a reconsideration of my August 9, 1999 Memorandum Opinion and Order.

### II.

■ Reconsideration may be granted upon "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995). Defendants do not contend there has been a change in the controlling law or that new evidence has been uncovered. Instead, they claim that my ruling on the Rule 12(b)(5) and 12(b)(6) issues was clear legal error. Accordingly, I will only reconsider my August 9, 1999 order for clear error.

### III.

#### A.

■ Defendants first argue that my ruling on their Rule 12(b)(5) motion was "clear legal error." In support of their argument, they cite *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436 (10th Cir.1994) which establishes that "[w]hen a plaintiff proceeds against an agent of the government in his or her individual capacity, the plaintiff must effect personal service on that agent in compliance with Rule 4(d)(1)." The 1993 amendments to the Federal Rules of Civil Procedure moved the text of Rule 4(d)(1) to Rule 4(e)(2). *See* Advisory Committee Notes to 1993 Amendment to Rule 4.

Plaintiff brings his action against Defendants in their individual capacities. Consequently, the *Despain* rule applies, and my ruling that Rule 4(i)(2) governs service of process in this case was incorrect. *See Grimaldo,* 187 F.R.D. at 646. In their motion to dismiss, however, Defendants neither cited *Despain,* nor informed the court that the Rule under which *Despain* was decided, 4(d)(1), has since been moved to Rule 4(e)(2). Instead, defendants quoted Rule 4(e)(2), and the general propositions from *Omni Capital Int'l v. Rudolf Wolff·& Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987), and *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994) that "[b]efore a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of process must be satisfied," and "service of process pursuant to federal rules is mandatory in *Bivens* cases," respectively. *Motion to Dismiss* at 4–5. In addition, defendants cited a ruling from a *district court case from the District of Columbia* that is applicable to suits brought against public officials *in their official capacities. See id.* (citing *Huskey v. Quinlan,* 785 F.Supp. 4, 5–6 (D.D.C.1992) ("[i]n a *Bivens* claim, personal service of process upon the defendants is necessary to obtain personal jurisdiction over the defendant in his official capacity.")). Defendants then concluded that "plaintiff did not properly serve federal defendants [sic]." *Id.* at 5.

I conclude that Defendants' argument was so inadequate as to waive their Rule 12(b)(5) defense. *See* Rule 12(h)(1)(A). *See also* Advisory Committee Notes to 1966 Amendment to Rule 12(h)(1)(A) ("Amended subdivision (h)(1)(A) ... states that certain specified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived. The specified defenses [include] ... insufficiency of service of process."). In our adversarial system, I am under no obligation to conduct research to provide the proper support for arguments presented by any party other than *pro se* ones, and particularly not for parties represented by the United States Government. In similar circumstances, courts have held that arguments are waived when parties fail to provide proper support or only superficially develop them. *See, e.g., Franklin Savings Corp. v. U.S.,* 180 F.3d 1124, 1128 n. 6 (10th Cir.1999) (argument that dismissal before discovery was premature was "develop[ed] ... so superficially ... as to waive it)"; *Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.,* 131 F.3d 874, 880 & n. 9 (10th Cir.1997) (holding that party who noted issue and made "several broad, conclusory statements" waived argument for failure to develop). *See also Enplanar, Inc. v. Marsh,* 11 F.3d 1284, 1287 n. 16 (5th Cir.1994) ("They cite no authority for th[eir] theory, and we will not root about in the case law seeking support for it"); *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Here, Defendants failed to properly support their argument by neglecting to either cite the one case that supports its defense, or inform the court that the Federal Rule of Civil Procedure upon which they rely was formerly found elsewhere. The latter omission made it difficult to find the *Despain* case, something, as I noted above, I was under no obligation to do. Under these circumstances, Defendants waived their Rule 12(b)(5) defense.

### B.

Defendants next claim that because they argued in their motion to dismiss that they were not personally involved in the alleged constitutional violations, "[u]nder Tenth Circuit precedent, defendants' motion must be treated as one asserting the defense of qualified immunity." *Motion to Reconsider* at 3 (citing *Treff v. Galetka,* 74 F.3d 191, 195 (10th Cir.1996)). Their alleged qualified immunity argument, Defendants further contend, triggered a heightened pleading requirement. Defendants conclude that Plaintiffs failed to satisfy this heightened pleading requirement and, consequently, they are entitled to qualified immunity.

While Defendants are correct that a heightened pleading requirement is triggered by a qualified immunity defense, *see Breidenbach v. Bolish,* 126 F.3d 1288, 1292–93 (10th Cir.1997), Defendants offered neither a qualified immunity defense nor a heightened pleading argument in their motion to dismiss. Indeed, the case cited by Defendants in support of their proposition that "[u]nder Tenth Circuit precedent" their "lack of personal involvement" argument "must be treated as one asserting the defense of qualified immunity," *Motion to Reconsider* at 3, is inapposite. In *Treff v. Galetka,* 74 F.3d 191, 195 (10th Cir.1996), the defendant explicitly raised the defense of qualified immunity. *See id.* at 193. Such a defense was not inferred from a "lack of personal involvement" argument. *See id.* Consequently, by mischaracterizing both their motion to dismiss and Tenth Circuit case law, Defendants' attempt to have this court "reconsider" two arguments not previously raised. I will not do so.

Accordingly, it is ORDERED that the motion to reconsider is DENIED.