# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3210

_____

Jerry A. Wright

*Appellant*

v.

First Student, Inc.

*Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 20, 2012
Filed: March 25, 2013
[Published]

_____

Before MURPHY, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jerry Wright appeals following the district court's dismissal of his complaint, filed in forma pauperis (IFP), for untimely service of process and failure to state a claim. Because we conclude that the complaint states a claim, and because we cannot determine from the present record whether the delay in service of process was Mr. Wright's fault, or was attributable to delays by district court staff and the United

States Marshals Service (USMS), we vacate the district court's order and remand this case for further proceedings.

Mr. Wright's July 2011 pro se complaint claimed that First Student, Inc. (First Student) fired him from his position as a bus driver based on his race, age, disability, seniority rights, and eligibility for a pay raise. The magistrate judge granted Mr. Wright IFP status on September 6, 2011, and ordered the USMS to effect service. The district court docket sheet reflects no case activity for the next five months. The docket sheet reflects that, on February 28, summons was issued as to First Student, and the court sent a copy of the summons, complaint, and USM-285 form to the USMS office. First Student was served on May 2.

First Student moved to dismiss for untimely service and failure to state a claim. At a hearing on the motion, Mr. Wright explained that, after the district court referred him to the court's Pro Se Project in September 2011, his case became "tied up beyond [his] control"; and that once he realized--in February 2012--that he would not receive representation through the Project, he continued his unsuccessful attempts to obtain counsel. The district court dismissed the case because (1) the complaint had not been served for 280 days after its filing, Mr. Wright had not shown good cause for the delay, and the court thus could not extend the time for service; and (2) the complaint did not state a claim.

We review for abuse of discretion the district court's determination that Mr. Wright did not show good cause for untimely service of process. See Adams v. Allied Signal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996). Under Federal Rule of Civil Procedure 4(m), if a plaintiff shows good cause for untimely service, then the court must extend the period for service. See id.

Because Mr. Wright was proceeding IFP, he was entitled to rely on service by the USMS. See Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987).

Mr. Wright's July 2011 complaint included the address at which First Student ultimately was served. The court staff were obligated to prepare the summons and provide it to the USMS, and the USMS was obligated to effect service. See 28 U.S.C. § 1915(d) (when plaintiff proceeds IFP, officers of court shall issue and serve all process, and perform all duties in such cases); Fed. R. Civ. P. 4(c)(3) (when plaintiff proceeds IFP, district court must order that service be made by USMS or by person specially appointed by court).

At the hearing on the motion to dismiss, the district court did not discuss Mr. Wright's IFP status, or what Mr. Wright should have done--but failed to do--to cause process to be served. It therefore is unclear to us how Mr. Wright was responsible for the delay in service. Under these circumstances, we cannot say whether the district court abused its discretion in concluding that Mr. Wright had not shown good cause for the untimely service: if the delay in service was the result of a delay by court staff or the USMS in fulfilling their obligations, Mr. Wright's complaint should not have been dismissed under Rule 4(m). See Lindsey v. U.S.R.R. Ret. Bd., 101 F.3d 444, 446 (5th Cir. 1996) (once IFP plaintiff has taken reasonable steps to identify defendants, court must issue plaintiff's process to USMS, who in turn must effectuate service); cf. Moore v. Jackson, 123 F.3d 1082, 1085-86 (8th Cir. 1997) (per curiam) (where inmate's complaint listed all defendants' addresses, it was improperly dismissed under Rule 4(m) for lack of timely service, as completing waiver-of-service forms was component of "all process" and "all duties" required by court officers, and was USMS's responsibility); Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (where prisoner has furnished information necessary to identify defendant, USMS's failure to effect service is automatically good cause under Rule 4(m)), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

We cannot affirm the dismissal on the alternative ground given by the district court--failure to state a claim--because we conclude that the complaint stated an employment-discrimination claim: Mr. Wright alleged that First Student gave a non-

credible reason for firing him and that the real reason was because he is African American, disabled, and over age 55. In light of the liberal construction we afford pro se complaints, see Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004), these allegations suffice, see Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994) (plaintiff's allegations that hospital discharged her because of race, in violation of Title VII, stated claim against hospital); cf. Ring v. First Interstate Mortg., Inc., 984 F.2d 924, 926 (8th Cir. 1993) (prima facie case is evidentiary standard, which is not proper measure of whether complaint fails to state claim).

Accordingly, we vacate the district court's order, and we remand this matter to the district court with instructions to conduct an additional hearing to determine whether Mr. Wright showed good cause for his delay in serving defendants, in light of his entitlement--as an IFP litigant--to rely on court staff and the USMS to issue summons and effect service.

_____