**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TRITANNA A. MURPHY; JAMES C. BARNUM,

      Plaintiffs-Appellants,

v.

CITY OF TULSA; ERIC J. HILL; DAVID A. FOUST,

      Defendants-Appellees.

No. 13-5096
(D.C. No. 4:12-CV-00458-JED-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

James Barnum and Tritanna Murphy ("Appellants") appeal from the district

court's order dismissing their complaint without prejudice for failure to effectuate

timely service on the defendants. Construing their pro se brief liberally, as we

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), we **affirm** the judgment of the district court.

## I

On August 14, 2012, Appellants filed a civil-rights complaint in the Northern District of Oklahoma. Pursuant to 42 U.S.C. § 1983, they sued the City of Tulsa ("Tulsa") and Tulsa Police Department Officers Eric Hill and David Foust. Appellants accused the officers of fabricating evidence and Tulsa of allowing for such fabrication, both in violation of Appellants' constitutional rights. The same day they filed their complaint, Appellants also filed an application to proceed *in forma pauperis* ("IFP"). Three months later, Appellants filed an amended complaint against the same defendants.

The district court granted the application to proceed IFP on November 26, 2012, and summonses for each of the defendants were delivered by the U.S. Marshals Service ("the Marshals") to a private law firm in Tulsa the following day. All of the summonses were returned unexecuted on January 15, 2013 on the ground that the recipient could not accept service until he was appointed to the case. New addresses were provided by Appellants, and on January 28, 2013 a second set of summonses issued, this time to the Tulsa City Clerk. Two—those designated for Officers Hill and Foust—were returned unexecuted for failure to locate the named recipients. The third—that designated for Tulsa—was served on an assistant city clerk on February 22, 2013.

2

On May 28, 2013, the district court issued an order in which it calculated that the deadline for effectuating service, pursuant to Federal Rule of Civil Procedure 4(m), was December 12, 2012.[1]  The district court ruled that Appellants had failed to effectuate service on Officers Hill and Foust and that they had effectuated service on Tulsa three months late without seeking leave. Accordingly, the district court ordered Appellants to show that they had effectuated timely proper service or to show good cause for their failure to effectuate such service.  Appellants submitted an "answer" to the show-cause order, wherein they contended that they were unable to serve the defendants within the required time frame because they had had to wait until their IFP motion was granted (and thus the summonses issued by the court), which only occurred on November 27, 2012, and by the time the first batch of summonses was returned unexecuted, the deadline had expired.  The district court dismissed the complaint without prejudice for failure to show that service had been timely made or that there was good cause for service not having been timely made.

## II

"We review under an abuse-of-discretion standard the decision to dismiss a defendant for failure of proper service."  *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) (quoting *Bolden v. City of Topeka*, 441 F.3d 1129,

---

[1]  Appellants do not challenge the calculation of December 12, 2012 as the deadline properly set in light of the filing date of the complaint.

3

1146 (10th Cir. 2006)) (internal quotation marks omitted).  As explained below, we hold that the district court did not abuse its discretion in: (1) finding service untimely; (2) determining that good cause for the lateness had not been shown; and (3) not granting a permissive extension.  We therefore affirm.

## A

A plaintiff has 120 days from the filing of the complaint to effectuate service.  *See* Fed. R. Civ. P. 4(m).  Once a party is granted IFP status, he is entitled to have the Marshals effectuate service for him.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  The district court calculated a service deadline of December 12, 2012.  By December 12, 2012, no summons had been served on any defendant.  Thus, the first question is whether service became late at that point.

Appellants assert that the dismissal of their complaint was improper because it was caused by the district court's delay in granting their IFP motion, which in turn caused the Marshals to miss the deadline.  This raises the question of whether the 120-day period was tolled during the pendency of their motion to proceed IFP.  Some jurisdictions would say that it was.  *See, e.g.*, *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 162 (7th Cir. 1995).

Nevertheless, the Tenth Circuit and the Supreme Court have not yet spoken on the issue.  It would therefore be inappropriate to find that the district court abused its discretion in declining to apply a tolling doctrine that neither tribunal

has ever adopted. *Cf. United States v. Regan*, 627 F.3d 1348, 1354 (10th Cir. 2010) (finding no abuse of discretion because the party had not raised an argument before the district court and because the cases supporting his position were not "binding precedent on the district court"); *Dorn v. Burlington N. Santa Fe R.R.*, 397 F.3d 1183, 1195 (9th Cir. 2005) (finding no abuse of discretion because there was no "firm statement of [controlling] law" on the relevant question even though non-binding authority may have supported the party claiming an abuse of discretion). It would be especially inappropriate to find an abuse of discretion when our silence on the tolling issue is considered in conjunction with the fact that we *have* adopted the general principle that pro se litigants must follow the strictures set forth in Rule 4, *see DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993), which of course includes the 120-day timeline, *see* Fed. R. Civ. P. 4(m). Consequently, the district court did not abuse its discretion in declining to apply tolling. It follows ineluctably that the district court did not abuse its discretion in fixing December 12, 2012 as the deadline and in determining that Appellants' service was late as soon as that deadline passed.[2]

---

[2] There were two separate sets of summonses: one batch sent out on November 27, 2012, and another batch sent out on January 28, 2013. The latter included a summons to Tulsa that was, unlike the others, returned executed. In its show-cause order, the district court questioned whether service upon Tulsa "was properly made." R. at 29 (Order, filed May 28, 2013). We do not examine the manner in which service on Tulsa was made because that service was, in any event, untimely and thus ineffective. *See Putnam v. Morris*, 833 F.2d 903, 905

(continued...)

5

**B**

Having established that no timely service was effectuated, we next address whether the district court abused its discretion in finding that Appellants had no good cause for the failure.

Federal Rule of Civil Procedure 4(m) provides that where a plaintiff shows good cause for missing the service-of-process deadline, "the court must extend the time for service for an appropriate period." When this provision is invoked,

> district courts should proceed . . . in the following manner: The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

*Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *accord Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1111 (10th Cir. 2008).

In some circumstances, "good cause exists to excuse a plaintiff's failure to serve where the plaintiff is proceeding [IFP] and is therefore entitled to rely on service by the [Marshals]." *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). Our cases have established some of the contours between justifiable reliance on the process server (whether it be the Marshals, a privately retained

---

[2](...continued)
(10th Cir. 1987).

third party, or a pro se litigant himself) and unjustifiable reliance, and they have set a high bar for a plaintiff endeavoring to show the former. For instance, we have discerned no abuse of discretion where a district court dismissed a complaint after the pro se plaintiff claimed to have mailed the summons in a timely fashion but failed to timely effectuate it. *Espinoza*, 52 F.3d at 841. We have likewise discounted an attorney's misinterpretation of Rule 4 as a reason to find good cause, and have deemed irrelevant the fact that no prejudice inured to the defendants from the lateness or the fact that the statute of limitations expired before dismissal. *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994). In addition, we have made clear that an attorney's failure to monitor a hired process server and ensure timely service does not constitute good cause. *See Cox v. Sandia Corp.*, 941 F.2d 1124, 1125–26 (10th Cir. 1991).[3] Lastly, as a general matter, we have explained in the pro se context that "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).

Appellants cannot surmount the high hurdle set by this case law. None of our published decisions suggest that good cause can be found purely because an IFP ruling delayed the issuance of the summons, which is the only excuse

---

[3] *Despain* and *Cox* interpreted an older version of Rule 4, but they remain valid with respect to the good-cause showing. *See Espinoza*, 52 F.3d at 841.

7

Appellants offer for their lateness.[4]  And persuasive authority appears to be split

on the question.  *Compare Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir.) ("If a

plaintiff proceeding IFP chooses to rely on the Marshals to serve the relevant

parties, and it becomes apparent that the Marshals will not accomplish this by the

Rule 4(m) or court-ordered deadline, she must advise the district court that she is

relying on the Marshals to effect service and request a further extension of time

for them to do so."), *cert. denied*, --- U.S. ----, 133 S. Ct. 655 (2012), *with Wright*

*v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013) (per curiam) ("[I]f the

delay in service was the result of a delay by court staff or the [Marshals] in

fulfilling their obligations, [the IFP plaintiff's] complaint should not have been

dismissed under Rule 4(m).").

Because no controlling law directed the district court to find good cause

under these circumstances, and because persuasive authority is split on the matter,

we cannot charge the district court with abusing its discretion.  *Cf. Regan*, 627

F.3d at 1354 (finding no abuse of discretion because the party had not raised an

argument before the district court and because the cases supporting his position

were not "binding precedent on the district court"); *Dorn*, 397 F.3d at 1195

(finding no abuse of discretion because there was no "firm statement of

---

[4]      Appellants' explanation for why two of the *second* batch of summonses were returned unexecuted—i.e., difficulty locating Officers Hill and Foust—is irrelevant to our analysis, as we conclude that service was already late by the time the second batch was issued.

[controlling] law" on the relevant question even though non-binding authority may have supported the party claiming an abuse of discretion).

## C

As mentioned above, when a plaintiff fails to show good cause for untimely service, "the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Espinoza*, 52 F.3d at 841. Although Appellants insist they were entitled to such an extension, the only argument they ostensibly make to that end comes in the form of a series of correct statements on how district courts have the *discretion* to extend the deadline if they so choose. *See, e.g.*, Aplt. Opening Br. at 3 ("[C]ourts *may* liberally enforce the 120-day period . . . ." (emphasis added)); *id.* ("Courts have *discretion* to enlarge the 120-day period . . . ." (emphasis added)). But Appellants offer no authority or argument to suggest that the district court *abused* its discretion by *declining* to exercise it with such beneficence. Our cases do not offer that authority either. As a consequence, the district court did not abuse its discretion by declining to grant Appellants a permissive extension.[5]

---

[5] The district court did not address the permissive-extension issue in its order of dismissal, nor did it explain its good-cause ruling. Appellants do not argue that its silence in either regard requires reversal, so we do not address that question.

9

## III

We **affirm** the district court's dismissal of Appellants' complaint.


Entered for the Court


JEROME A. HOLMES
Circuit Judge