**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

—————————————————————

WILLIAM STAPLES,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
CHARLES SAMUEL, JR.; HARRELL
WATTS; CORRECTIONAL OFFICER
GONZALEZ,

    Defendants - Appellees.

No. 18-6070
(D.C. No. 5:16-CV-00711-D)
(W.D. Okla.)

—————————————————————

**ORDER AND JUDGMENT**[*]

—————————————————————

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

—————————————————————

William Staples, a federal prisoner appearing pro se, appeals the district

court's dismissal without prejudice of this civil-rights action for failure to timely

effect service of process under Rule 4 of the Federal Rules of Civil Procedure.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

On June 24, 2016, Staples filed a *Bivens*[1] action in the United States District Court for the Western District of Oklahoma, alleging that a correctional officer named "Gonzalez" had sexually assaulted him in July 2014 while he was temporarily housed at the Federal Transfer Center in Oklahoma City, Oklahoma. App. at 15–16, 18. Staples asserted an Eighth Amendment claim against Gonzalez in his official and individual capacities as well as Eighth and Fourteenth Amendment claims against the United States and two prison officials for failing to protect him from Gonzalez and for denying him an administrative grievance for the assault. Staples sought Gonzalez's termination and damages for the assault as well as costs for the filing. Staples applied for and was granted leave to proceed in forma pauperis.

District Judge Timothy D. DeGiusti referred the matter to Magistrate Judge Shon T. Erwin for initial proceedings, consistent with 28 U.S.C. § 636(b)(1)(B)-(C). After screening the complaint under 28 U.S.C. §§ 1915A and 1915(e)(2), Judge Erwin issued a report recommending that the case proceed only as a *Bivens* action for damages against Gonzalez in his individual capacity. Judge Erwin advised Staples of his right to object and that failure to do so would waive any right to appellate review of the recommendation. When Staples failed to timely object, Judge DeGiusti adopted Judge Erwin's recommendation and dismissed all parties and claims other than the *Bivens* claim for damages against Gonzalez in his individual capacity.

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

On October 20, 2016, Judge Erwin ordered Staples to serve process on Gonzalez within 90 days[2] in accordance with Rule 4(m). Staples initially requested that the United States Marshals Service serve Gonzalez at the Federal Transfer Center, but the center returned the summons, unexecuted, with a notation that it didn't employ anyone with the last name "Gonzalez." App. at 42–44. To help locate the officer, Staples replied with a letter providing additional details about the alleged sexual-assault incident. Meanwhile, Staples asked the Marshals to issue summons on Gonzalez at the offices of the United States Attorney for the Western District of Oklahoma, the Department of Justice in Washington, D.C., and the Bureau of Prisons in Washington, D.C. None of these attempts resulted in effective personal service on Gonzalez. Nevertheless, after several months elapsed, Staples moved for default judgment.

Rather than resolve the motion, Judge Erwin ordered Staples on June 5, 2017, to either perfect service on Gonzalez by June 26, 2017, or show good cause for not serving Gonzalez. In response, Staples defended his efforts at locating Gonzalez and asserted that he had properly served the U.S. Attorney, the Department of Justice, and the Bureau of Prisons, all of whom, he said, function as Gonzalez's authorized "agents" for process purposes. *See* App. at 65–67. Judge Erwin rejected these arguments and, in a second report, recommended that the district court deny Staples' motion for default judgment on the basis that Staples hadn't properly served

---

[2] The district court initially postponed the 90-day period's commencement until that date to allow Judge Erwin to screen Staples' complaint.

Gonzalez. Staples objected, again insisting on the sufficiency of his attempts at service. On de novo review, however, Judge DeGiusti concurred with Judge Erwin that Staples hadn't properly served Gonzalez and that Gonzalez, having no notice of the action, wasn't in default.

On October 18, 2017, at Judge Erwin's recommendation, Judge DeGiusti granted Staples an additional 60 days to locate and serve Gonzalez. Staples again attempted to serve Gonzalez at the Federal Transfer Center, and the center again returned the summons unexecuted with a notation that Gonzalez didn't work there. Staples also requested that the Marshals reissue summons at the U.S. Attorney's Office, the Department of Justice, and the Bureau of Prisons. Separately, Staples filed with the Bureau of Prisons a Freedom of Information Act request for the correct spelling of Gonzalez's full name.

When these renewed efforts failed to effect personal service on Gonzalez, Judge Erwin issued a third report recommending that the district court dismiss the case without prejudice for failure to timely serve process. Judge Erwin found no good cause under Rule 4(m) for a mandatory extension of time to accomplish service and concluded that a permissive extension was unwarranted under the circumstances. Staples objected, stressing his diligence in trying to locate Gonzalez by contacting the Federal Transfer Center, by submitting a Freedom of Information Act request to the Bureau of Prisons, and by requesting assistance from staff members at his current facility of confinement.

On de novo review, Judge DeGiusti "reluctantly agree[d]" with Judge Erwin that a further extension of time to perfect service was unwarranted. App. at 126. The court sympathized with Staples' situation but declined to "indefinitely" delay the case "without any realistic hope for better success in the near future in identifying and locating Defendant Gonzalez . . . ." *Id.* Accordingly, on March 16, 2018, the court dismissed the case without prejudice under Rule 4(m) and entered judgment. Staples appealed.

During the appeal's pendency, Staples moved the district court for leave to proceed on appeal in forma pauperis. In his motion, Staples expressed his intent to appeal both the court's dismissal of his official-capacity claim against Gonzalez and its determination that he had failed to properly serve Gonzalez under Rule 4. Finding that Staples hadn't proffered a "reasoned, nonfrivolous argument" for appealing these issues, the court held that "the appeal is not taken in good faith." App. at 132–33. The court thus denied the motion, despite agreeing that Staples lacked the ability to pay the appellate filing fee. Staples then renewed his motion in this court.

Upon reviewing the record, we entered an order directing Staples to show cause why he hadn't waived his right to appeal the district court's order dismissing his official-capacity claim against Gonzalez, given that he had failed to timely object to the magistrate judge's report and recommendation underlying that order. When Staples failed to timely respond, we dismissed the appeal for failure to prosecute. On Staples' motion and response to the show-cause order, however, we reinstated the appeal and recalled the mandate.

5

## ANALYSIS

Staples challenges the district court's dismissal of his Eighth Amendment claim for damages against Gonzalez in his official capacity[3] and the court's dismissal of this action for failure to timely serve process on Gonzalez. Staples also seeks leave to proceed on appeal in forma pauperis. We address these issues in turn.

## I.     The Official-Capacity Claim Against Gonzalez

Staples argues that the district court erred in dismissing his official-capacity claim for damages against Gonzalez. Liberally construing his pro se filings, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we understand Staples to argue not only that the claim remains viable but that he timely served the United States for the claim, as Rule 4(i)(2) requires. These arguments are unavailing.

As we noted in our show-cause order, Staples didn't file written objections to the magistrate judge's recommendation that the district court dismiss the official-capacity claim against Gonzalez. This circuit's firm-waiver rule prohibits appellate review of a magistrate judge's recommendations if the appellant didn't timely object below. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The rule doesn't apply, however, if (i) a pro se litigant wasn't informed of the opportunity to object and the consequences of failing to do so; or (ii) the interests of justice require review. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008). Factors relevant to the

---

[3] Staples doesn't purport to challenge the district court's dismissal of his claims against the other defendants.

6

second exception include the pro se litigant's "effort to comply [with the objection requirement], the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez*, 418 F.3d at 1120.

Neither exception applies here. Judge Erwin plainly advised Staples of his right to object and that a failure to do so would "waive[] the right to appellate review of both factual and legal questions." App. at 35. Nor does justice require appellate review. Staples' only explanation for failing to object is the vague assertion that, when Judge Erwin issued his report, Staples "was experiencing a large amount of hindrance" and "harassment" from prison staff. Response to Show Cause Order at 7. As an example of such behavior, Staples says that, "in another unrelated case," prison staff stamped his mail "refused and returned to sender." *Id.* But Staples identifies no instance in which prison staff interfered with his actions in *this* case; in fact, Staples doesn't even claim that he *attempted* to object. Moreover, that Staples filed numerous documents post-dismissal, none of which mentioned any harassment by prison staff, undermines the force and plausibility of his harassment explanation. At a minimum, Staples could have alerted the district court to the harassment in one of these filings and requested permission to submit untimely objections on that basis.

Even if Staples offered a plausible explanation for his failure to object, we would review the objection only for plain error. *See Morales-Fernandez*, 418 F.3d at 1120–22. To show error in the district court's dismissal of his official-capacity claim, Staples contends that it is "engraved in stone" that Gonzalez, acting "under color of law," is liable for damages in his official capacity under 42 U.S.C. § 1983. Response

7

to Show Cause Order at 11. Yet § 1983 authorizes official-capacity claims only for injunctive relief and not for damages. *Hafer v. Melo*, 502 U.S. 21, 30 (1991). More important, § 1983 provides a mechanism to enforce civil rights against *state* officials and not federal officials such as Gonzalez. *Bivens* supplies the federal analogue for such claims, and, just like § 1983, "[t]here is no such animal" as a *Bivens* claim for damages against a federal official in his official capacity. *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). Accordingly, the district court didn't plainly err in rejecting Staples' incognizable official-capacity claim against Gonzalez.[4]

In short, Staples fails to demonstrate either a justification for his failure to object to the dismissal of his official-capacity claim or plain error in the dismissal.[5] As a result, justice doesn't require review of Staples' untimely objection, and we needn't reach Staples' argument that he properly served the United States for the

---

[4] Of course, Staples could state a claim for injunctive relief against Gonzalez in his official capacity under *Ex Parte Young*, 209 U.S. 123 (1908). Yet Staples seeks only damages from Gonzalez, and a claim for damages lies against a federal official only in his individual capacity. *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). To the extent that Staples initially requested injunctive relief in the form of Gonzalez's termination, he sought such relief from the United States and the prison officials with the power to provide it. Those claims are not at issue in this appeal.

[5] We liberally construe Staples' pro se materials, but we will not "assume the role of advocate" on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quoting *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187–88 (10th Cir. 2003)). Staples' attempts to explain his failure to object and his arguments for why the district court erred in dismissing the official-capacity claim fail to persuade us that justice requires review of his untimely objection.

official-capacity claim.[6] We therefore turn to Staples' attack on the district court's dismissal of this action for failure to timely effect personal service on Gonzalez.

## II.  Dismissal for Insufficient Service of Process

The district court dismissed Staples' Eighth Amendment claim against Gonzalez in his individual capacity for failure to timely serve process under Rule 4(m). We review a Rule 4(m) dismissal for abuse of discretion. *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1146 (10th Cir. 2006); *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995). "An abuse of discretion is defined in this circuit as a judicial action which is arbitrary, capricious, or whimsical." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

Pro se parties must comply with the same rules for service of process that govern other litigants. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993). Under Rule 4, a plaintiff must serve each defendant a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). A plaintiff asserting a claim against a United States employee in an individual capacity must serve both the United States and the employee in accordance with the procedures outlined in Rule 4(e), (f), or (g). *See* Fed. R. Civ. P. 4(i)(3). The plaintiff has 90 days within which to accomplish such service after filing the complaint. Fed. R. Civ. P. 4(m). If the plaintiff fails to meet

---

[6] The argument lacks merit, in any event. Staples seems to rely on Rule 4(i)(2), under which a party must serve the United States to serve a federal employee sued in his official capacity. Yet service on the United States satisfies the rule only when the federal employee is "sued *only* in an official capacity," *see* Fed. R. Civ. P. 4(i)(2) (emphasis added), which is not the case here.

9

this requirement, the court may dismiss the action against the unserved defendant without prejudice or extend the time for service. *Id.* Upon a showing of good cause for the failure, however, the court must extend the time for service. *Id.*

Staples filed this action on June 24, 2016, and on October 20, 2016, Judge Erwin ordered him to serve Gonzalez within 90 days. Staples first attempted service at the Federal Transfer Center, the U.S. Attorney's Office, the Department of Justice, and the Bureau of Prisons. None of Staples' attempts resulted in personal service on Gonzalez; in fact, the Federal Transfer Center, the site of the alleged sexual-assault incident, disclaimed employing anyone named "Gonzalez." Judge Erwin accordingly informed Staples that his efforts at service were ineffective, and on June 5, 2017, he ordered Staples to either effect personal service on Gonzalez within 21 days or show cause for failing to do so. Staples failed both directives. Nonetheless, on October 18, 2017, the district court gave Staples an additional 60 days to find and serve Gonzalez. Staples proceeded to reattempt service at the same four locations as before, with the same result. Judge Erwin thus recommended dismissing the case for failure to serve. Staples objected, emphasizing his diligence in searching for Gonzalez. On March 16, 2018, however, the district court dismissed the case without prejudice, declining to "indefinitely" delay proceedings while Staples searched for Gonzalez. App. at 126.

Under these circumstances, the district court didn't abuse its discretion in dismissing the case. Despite two extensions of time for service and eight attempts, Staples failed to effect personal service on Gonzalez. Indeed, nearly 21 months into the litigation, Staples hadn't even ascertained Gonzalez's identity or whereabouts.

10

Though Staples diligently searched for Gonzalez, such efforts don't constitute good cause for repeatedly missing the service-of-process deadline. *See Murphy v. City of Tulsa*, 556 F. App'x 664, 668 (10th Cir. Feb. 6, 2014) (describing the "good cause" requirement as a "high hurdle"). Nor do Staples' search efforts entitle him to a third permissive extension of time to accomplish service, especially when there's no indication that he will ever succeed in finding Gonzalez.

On appeal, Staples rehashes his earlier argument that his attempts at service satisfied Rule 4. Staples insists that he served Gonzalez by issuing summons at the U.S. Attorney's Office, the Department of Justice, and the Bureau of Prisons, all of whom act as Gonzalez's authorized "agents" for process purposes. *See* Open. Br. at 4–7. Staples, however, fails to proffer evidence of an "agency" relationship between Gonzalez and these entities, whether by appointment or by law. *See* Fed. R. Civ. P. 4(e)(2)(C). Staples also contends that he served Gonzalez by leaving the appropriate documents with a "person of suitable age and discretion" residing at Staples' "last known address," *i.e.*, the Federal Transfer Center. Open. Br. at 5–6. Staples seems to rely on Rule 4(e)(2)(B), which permits service at an "individual's dwelling or usual place of abode." Yet there is no evidence that the Federal Transfer Center was ever Staples' "dwelling" or "abode." Indeed, the Federal Transfer Center disclaimed that anyone named "Gonzalez" even worked there.

At bottom, we have no reason to charge the district court with abusing its discretion in dismissing this case without prejudice. Rule 4(i)(3) requires personal service on a federal employee sued in an individual capacity. Staples proffers no

persuasive justification for his failure to locate and serve Gonzalez after receiving multiple extensions of time over 21 months of litigation. Accordingly, we see no good cause to warrant a further extension of time to effect proper service, and we dismiss Staples' appeal.

## III.    Leave to Proceed In Forma Pauperis[7]

Though we dismiss the appeal, we must resolve Staples' motion for leave to proceed in forma pauperis. *See Clark v. Oklahoma*, 468 F.3d 711, 715 (10th Cir. 2006). Staples lacks the funds to prepay the appellate filing fee, but we may grant leave to proceed in forma pauperis only if Staples filed this appeal in good faith. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); 28 U.S.C. § 1915(a)(3). We have no reason to question Staples' good faith, even though his arguments on the law and facts are not reasonably debatable. Accordingly, we grant leave to proceed in forma pauperis.[8] *See Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (granting leave to proceed in forma pauperis notwithstanding the denial of a certificate of appealability).

---

[7] Judge O'Brien joins in the Order and Judgment in all respects but Part III. He will not file a separate opinion.

[8] In a filing dated January 25, 2019, Staples represented that he has $26.39 in his encumbrance debt account, which he would like to apply to the $505.00 appellate filing fee. We deny this request as moot given our decision to grant Staples leave to proceed in forma pauperis.

**CONCLUSION**

The district court's order dismissing this case is AFFIRMED.

Entered for the Court


Gregory A. Phillips
Circuit Judge